FRANK A. DANIELS, Respondent, v. WILLIAM A. ROGERS, Appellant, Impleaded with ARCHER BROWN and Others.

*Contract for the sale of land — description of the land sufficient under the Statute of Frauds — when the defense of the Statute of Frauds should be raised by answer — estoppel to deny the validity of an oral extension of performance — the application of the Texas statute is limited to suits in the courts of that State.*

A contract for the sale of land which described the subject-matter as "the property known as the Star and Crescent Furnace, in Cherokee County, near Rusk, Texas," identifies the property with sufficient definiteness to answer the requirements of the Statute of Frauds.

The Statute of Frauds is a rule of evidence which is not available as a defense to an action unless raised by demurrer or answer; if the complaint does not show upon its face whether the contract in question is oral or written the defense of the Statute of Frauds is properly raised by answer.

A party to a contract for the sale of lands, who induces the other party thereto to grant an oral extension of the time for the performance of such contract, is estopped from thereafter claiming that the oral extension is void under the Statute of Frauds.

*Semble*, that the provision of the Texas Statute of Frauds in respect to contracts for the sale of lands, which provides that unless the statute is complied with "no action shall be brought in any of the courts," refers to the courts of the State of Texas, and that such statute is not a bar to an action brought in the State of New York to compel specific performance of a contract for the sale of lands located in Texas.

APPEAL by the defendant, William A. Rogers, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of March, 1905, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the plaintiff's demurrer to certain defenses contained in the answer of the said defendant Rogers.

*David M. Dean*, for the appellant.

*Charles W. Dayton*, for the respondent.

Judgment affirmed, with costs, on opinion of the court below, with leave to defendant to amend on payment of costs in this court and in the court below.

Present — O'BRIEN, P. J., PATTERSON, INGRAHAM, McLAUGHLIN and LAUGHLIN, JJ.

The following is the opinion of Clarke, J., delivered at Special Term:

Clarke, J.:

Action for specific performance by vendees of a contract for the purchase of lands in Texas. Plaintiff demurs to the first separate defense, which alleges that the extension of the time for performance of the written agreement was not in writing, and that hence the extension agreement and the written contract are void by the provisions of the Statute of Frauds of the State of New York,* and to the second separate defense, which alleges that said extension and said contract are void by the provisions of article 2543 of the Revised Civil Statutes of Texas of 1895, upon the ground that said defenses are insufficient in law upon the face thereof.

The defendants, upon the issue of law raised by the demurrer, seek to test the complaint by claiming that the contract in writing therein set forth is not enforcible under the statute, because it does not sufficiently designate the real estate the subject of the contract. The language of description is " the property known as the Star and Crescent Furnace, in Cherokee County, near Rusk, Texas."

This question was exhaustively treated in *Miller* v. *Tuck* (95 App. Div. 134), where Mr. Justice Bartlett, writing for a unanimous court, after the consideration of many cases, held : " I understand the rule to be in cases where a memorandum relating to the sale of real estate is attacked under the Statute of Frauds for insufficiency in respect to the identification of the subject-matter that, while parol evidence may not be admitted as to the terms of the agreement, it nevertheless is receivable to show extrinsic circumstances relating to the situation of the parties in respect to the land, so as to enable the court definitely to ascertain the property to which the contract referred." Upon the direct authority of that case the defendants' point is overruled.

As to the demurrer to the first separate defense, it is now settled in this State that the Statute of Frauds is a rule of evidence which must be interposed by demurrer or answer to be availed of, and as the complaint did not show upon its face whether the extension was in writing or not the point was properly raised

---

* See Real Property Law (Laws of 1896, chap. 547), §§ 207, 224.— [Rep.

by answer. (*Leggett* v. *Campbell*, N. Y. L. J. Feb. 10, 1905, and authorities cited.) The Court of Appeals, in *Thomson* v. *Poor* (147 N. Y. 408), in an opinion written by ANDREWS, Ch. J., and concurred in by the whole court, and many times cited and followed, said: "If we were now required to decide the question whether a contract in writing within the Statute of Frauds can be altered as to the time of performance by a subsequent oral executory agreement, made between the parties upon sufficient consideration, we should find the question under the authorities involved in distressing perplexity." The learned court avoided the decision of the question by invoking the doctrine of estoppel, saying: "Where one party to a contract, before the time for performance by the other party has arrived, consents upon his request to extend the time of performance, he must be presumed to know that the other party relies upon the consent, and until he gives notice of withdrawal he has no just right to consider the latter in default, although meanwhile the contract time has elapsed. We think the principle of equitable estoppel applies in such case. * * * The original contract is not changed by such waiver, but it stands as an answer to the other party who seeks to recover damages for non-performance induced by an unrecalled consent." The case relied upon by defendants (*Hickman* v. *Haynes*, L. R. 10 C. P. 598) is authority for this proposition. The plaintiff, to accommodate the defendants, had postponed the delivery of certain goods which he had agreed to sell. The defendants having refused to accept them, even after the postponement, sought to rely upon the fact of the oral extension as having invalidated the contract. The court held, however, that although the plaintiff assented to the defendants' request not to make the delivery at the contract time, he must be taken to have been ready to deliver them and that the defendants were estopped from averring the contrary. This separate defense being complete and being tested by demurrer, admits all the allegations of the complaint and seeks to avoid. The complaint fully sets out the offer by plaintiff's assignor to deliver to the defendants a deed duly executed conveying good title to the said premises in accordance with the agreement on the day of closing, and the facts and circumstances under which, upon defendants' request and for their benefit, the time of closing was adjourned for three days when the deed

was tendered and refused. It seems to me that there could not be stated a state of facts more clearly constituting a case of equitable estoppel, and, therefore, under the cases cited, the defense is insufficient in law on the face thereof and the demurrer must be sustained.

As to the second separate defense, that of the Texas Statute of Frauds, that statute,* as pleaded, is as follows: "No action shall be brought in any of the courts in any of the following cases, unless the promise or agreement upon which such action shall be brought or some memorandum thereof shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized: * * * Upon any contract for the sale of real estate or the lease thereof for a longer term than one year." The demurrer is sustained upon the same grounds of estoppel. Furthermore, the contract was made within this State and is in suit in the courts of this State. The Texas statute does *not* state that the contract shall be void, but that "no action shall be brought in any of the courts," referring, of course, to the courts of that State.

Demurrer sustained, with costs, with leave to defendants, upon payment thereof within twenty days, to serve an amended answer.

* See Tex. R. S. [1895] art. 2543.— [Rep.