WILLIAM J. HUMMELL, Respondent, *v.* BASIL CRUIKSHANK, Individually and as Executor of JOHN CRUIKSHANK, Deceased, et al., Appellants.

Third Department, March 12, 1952.

*Ross E. Brown* for appellants.

*O'Connell & McEwen* for respondent.

FOSTER, P. J. This is an appeal from a judgment for the specific performance of an oral agreement for the sale of real estate. The agreement was evidenced by the following memorandum in writing:

" JOHN F. CRUIKSHANK
R.F.D. No. 4,
Ogdensburg, New York

William Hummel is making a payment of $100.00 to John Cruikshank on the purchase price of his farm Nineteen Hundred Dollars

JOHN F. CRUIKSHANK "

According to the oral proof this memorandum was signed on October 27, 1947. John Cruikshank died December 19, 1947, without having conveyed any premises to the plaintiff. An action for specific performance was commenced against his estate and the legatees under his will, and carried through to judgment after a trial before an official referee.

The first attack against the judgment is based on the fact that John F. Cruikshank's sister signed his name to the memorandum. Appellants invoke section 259 of the Real Property Law, which provides: " A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing."

Concededly the decedent had not authorized his sister in writing to sign the memorandum in question. However, the oral proof was sufficient to justify a finding that he directed his sister to sign his name thereto, and adopted that signature as his own. This was just as effective as if he had signed it himself, and the statute quoted has no application to this phase of the case (*Koch* v. *Regan*, 272 App. Div. 920, affd. 297 N. Y. 644).

A more serious objection is that the memorandum did not identify the property with sufficient certainty. It appeared from

the oral testimony that decedent owned two farms, one at a place known as Brier Hill in the town of Morristown, St. Lawrence County, and the other in the town of Lisbon about fifteen miles away. It will be noted that no location is specified in the memorandum by township or otherwise. This difficulty was resolved by the receipt of oral testimony. According to the plaintiff and his witnesses it was the farm at Brier Hill that decedent agreed to sell. This adjoined one of the plaintiff's farms, and he had previously rented fifty acres thereof for pasturage purposes and had fixed the fences thereon. Decedent's sister was permitted to testify as to the negotiations between plaintiff and decedent prior to the execution of the memorandum, but she said neither Morristown nor Brier Hill were mentioned, nor was any acreage specified. Plaintiff's attorney testified, over objection, that decedent told him that the memorandum referred to the Brier Hill farm. Defendants produced no cogent contradictory testimony, and if all the testimony for the plaintiff is given due consideration it seems most probable that the memorandum was intended to refer to the Brier Hill farm. But as I view the case all of the testimony concerning the negotiations between the parties, except as to the execution of the memorandum, was utterly incompetent. And so was the admission said to have been made to plaintiff's attorney. The case must be judged by the sufficiency of the memorandum, aided by whatever extrinsic circumstances the record discloses.

Section 259 of the Real Property Law is an extension of the Statute of Frauds (*Hammond* v. *Hammond,* 264 App. Div. 322). The general rule is that a note or memorandum of a contract for the sale of real estate, sufficient to satisfy the statute, must state the essentials of the agreement so that it is unnecessary to resort to parol testimony to prove the same (*De Goode* v. *Burton,* 141 App. Div. 22). In some cases of part performance equity will permit oral proof of the agreement to prevent the statute from being used as a shield for fraud (*Wooley* v. *Stewart,* 222 N. Y. 347; *Burns* v. *McCormick,* 233 N. Y. 230; *Roberts* v. *Fulmer,* 301 N. Y. 277; Real Property Law, § 270). The mere payment of a specific sum of money, without possession of the land being given, is not considered as part performance sufficient to justify specific performance (*Braun* v. *Ochs,* 77 App. Div. 20). Another exception to the rule is where the memorandum is attacked for insufficiency with respect to identification of the subject matter. In such a case parol evidence may be taken as to extrinsic circumstances so as to enable a court to definitely ascertain the

property to which the agreement refers (*Daniels* v. *Rogers*, 108 App. Div. 338; *Miller* v. *Tuck*, 95 App. Div. 134).

Plaintiff was not entitled to specific performance because the memorandum recites the payment of $100. The query is whether the record reveals extrinsic circumstances that identify the farm with certainty. The term " extrinsic " does not refer to parol evidence of the terms of the agreement itself, but rather something outside of it. If parol evidence of the agreement were admissible then there would be no need of the exception which permits proof of extrinsic circumstances. Several examples of proof by way of extrinsic facts are given in the cases collated in *Miller* v. *Tuck* (*supra*). A simple illustration for the instant case will suffice. If decedent had owned but one farm it would have been competent to have shown that fact as an extrinsic circumstance tending to prove with certainty that such farm was the one he intended to convey.

However the only facts shown in the record before us in the nature of extrinsic circumstances are: (1) that one of plaintiff's farms adjoined the Brier Hill farm; (2) that plaintiff had rented fifty acres of the Brier Hill farm for pasturage purposes, and (3) that decedent's other farm was some fifteen miles away. These facts do not identify with certainty the farm mentioned in the memorandum. To base a decree of specific performance upon them requires the balancing of probabilities. In the absence of proof that the statute is being used as a shield to defraud, equity should not be strained to supply a deficiency which the parties, in the exercise of common prudence, should have supplied themselves. Proof of a probability at least as strong as that presented here was held to be insufficient (*Cooley* v. *Lobdell*, 153 N. Y. 596).

The judgment should be reversed on the law and facts, and the complaint dismissed, with costs.

HEFFERNAN, BREWSTER, BERGAN and COON, JJ.. concur.

Judgment reversed, on the law and the facts, and the complaint dismissed, with costs.

Settle order on two days' notice before any Justice of this court.