Howard T. Hogan, J.
Plaintiff sues to recover a binder of $5,000 paid upon a parcel of real property which he intended to purchase. When he decided against buying the property he demanded the return of this money but it was refused by defendant, who, in her answer to the complaint, alleged by way of an affirmative defense and counterclaim that the $5,000 was in fact given as part payment under an oral contract of sale, and thereupon demanded that specific performance be decreed. Plaintiff now moves to dismiss said counterclaim on the ground that the alleged contract is oral and unenforcible under section 259 of the Real Property Law.
For the purposes of this motion it must be assumed that there was an oral contract between the parties, and not merely a binder. Nevertheless the counterclaim cannot withstand this motion. Defendant has submitted unquestionable authority for the proposition that4 ‘ a vendee cannot recover a payment made to apply on the purchase price of real estate under a parol contract which is void within the Statute of Frauds, unless the vendor has repudiated the contract or is unable or unwilling to perform ”. (Graham v. Healy, 154 App. Div. 76, 82.)
This may constitute a complete defense to the complaint if it is established that the money was paid under an oral contract rather than as a binder, but the only question now before this court is whether defendant can obtain specific performance under an oral contract.
It is well settled that specific performance can be decreed in such a case only when there has been part performance unequivocally referrable to the alleged agreement. The payment of a portion o'f the purchase price is not such part performance (Hummell v. Cruikshank, 280 App. Div. 47, 49; Galletta v. Zuckerman, 122 N. Y. S. 2d 10, 14) and no other part performance is alleged.
Accordingly the motion to strike out defendant’s counterclaim is granted.