Howard T. Hogan, J.
This is a motion to dismiss the complaint on the ground that the action is barred by the Statute of Frauds.
The plaintiff asks for a decree that it be adjudged the owner of a one-third interest in lots, some of which the defendant already owned and others which he hoped to acquire on a tax sale by the County of Suffolk.
The agreement was entirely oral except for a notation which appears on a check for $5,000, which the plaintiff gave to the defendant, reading as follows:
“3/17/53 $5000.
For % interest for Property to be obtained at Oakdale, Suffolk County from the County of Suffolk as agreed.”
It will be noted that this memorandum as incomplete as it is, and wholly insufficient to comply with the requirements of *493 section 259 of the Real Property Law, in addition actually contradicts the oral agreement set forth in the complaint since it refers to lots to be acquired only, whereas the agreement sued on calls for an interest in property which the defendant already owned.
Payment of the consideration, even the whole of it, is not such performance as will take the case out of the Statute of Frauds (Cooley v. Lobdell, 153 N. Y. 596).
While proof of extrinsic facts may be allowed to supply the deficiencies of the agreement itself, this does not mean proving the missing essentials by parol. If it did the limitation would be meaningless (Hummell v. Cruikshank, 280 App. Div. 47).
There is no suggestion made by the plaintiff here as to what extrinsic facts it could prove which would spell out the agreement on which it relies, and indeed it appears that there are none.
The plaintiff, of course, is not without a remedy to recover its $5,000 payment in an action at law.
Accordingly, the motion is granted. Short form order signed.