John P. Cohalan, Jr., J.
This motion was respectfully referred to the undersigned hy Mr. Justice Stanislaw. Defendant moves for an order to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211, subd. (a), par. 7. Defendant contends that the written memorandum is insufficient to support the cause of action for specific performance.
Upon the papers before the court it appears that the plaintiff and defendant entered into a written memorandum of sale, dated February 1, 1964, which contemplated a formal contract ‘to be closed at February 8, 1964 ’ ’ and the cash to be paid on delivery of deed “ subject to agreement ”, The premises in the contract are described as being “ at Sound Avenue, 3 miles west of Roanoke Avenue, known as Edward F. Terry Farm” and the sale price was fixed at $1,200 per acre as surveyed.
Sometime between February 1 and February 7, 1964, defendant caused his attorney to send a contract of sale to the attorney for the plaintiff. Pursuant to the terms of the contract of sale plaintiff signed the same as submitted to him by the defendant and caused the contract payment to be made to the defendant. The contract as submitted to the purchaser was signed by the purchaser and sent to the attorney for the defendant with a check and a request for an executed copy of the contract.
The description of the property to be conveyed is set forth in detail in the contract and the terms of payment of the purchase price are set forth in detail. The formal contract of sale, however, was not signed by the seller who had evidently changed his mind in the interim and refused to sign the contract of sale. *169 The issue is presented as to the sufficiency of the memorándum of sale, together with the subsequent communications to constitute an enforcible contract.
The description set forth in the memorandum of sale is sufficient. (See detailed discussion of the subject in 23 A. L. R. 2d 6-106, ‘ ‘ Sufficiency of description or designation of land in contract or memorandum of sale, under Statute of Frauds.” Also, see, Daniels v. Rogers, 108 App. Div. 338; Dweck v. Altman, 208 N. Y. S. 2d 294, 296.)
Upon the facts set forth in the complaint it would appear that the complaint is sufficient as a matter of law under the terms of the decision of the Court of Appeals in Crabtree v. Elizabeth Arden Sales Corp. (305 N. Y. 48, 55):
“ The other position — which has gained increasing support over the years — is that a sufficient connection between the papers is established simply by a reference in them to the same subject matter or transaction. (See, e.g., Frost v. Alward, 176 Cal. 691; Lerned v. Wannemacher, 91 Mass. 412.) The statute is not pressed ‘ to the extreme of a literal and rigid logic ’ (Marks v. Cowdin, supra, 226 N. Y. 138, 144) and oral testimony is admitted to show the connection between the documents and to establish the acquiescence, of the party to be charged to the contents of the one unsigned. (See Beckwith v. Talbot, 95 U. S. 289; Oliver v. Hunting, 44 Ch. D. 205, 208-209; see, also, 2 Cor-bin, op. cit., §§ 512-518; cf. Restatement, Contracts, § 208, subd. [b], par. [iii].)
“ The view last expressed impresses us as the more sound, and, indeed — although several of our eases appear to have gone the other way (see, e.g., Newbery v. Wall, 65 N. Y. 484; Wilson v. Lewiston Mill Co., 150 N. Y. 314) —this court has on a number of occasions approved the rule, and we now definitively adopt it, permitting the signed and unsigned writings to be read together, provided that they clearly refer to the same subject matter or transaction. ’ ’
Mr. Justice Ritchie of this court, in the case of Schubert v. Bowman (167 N. Y. S. 2d 451, 452), sustained the complaint under somewhat similar circumstances as set forth in the complaint herein, as follows: “ The contract prepared by defendant’s attorney specifically sets forth the terms of the transaction. The issue presented on this motion is whether the letter, check and contract are to be read together, and if read together, whether they constitute a contract for the sale of real property within the requirements of section 259 of the Real Property Law. Prior to the decision rendered in Crabtree v. Elizabeth Arden Sales Corporation, 305 N. Y. 48, 110 N. E. 2d 551, the *170 courts were not in agreement on the issue as to what documents could be considered in determining the existence of a contract or memorandum for the sale of real property meeting the requirements of the statute of frauds. That case flatly stated the law to be that writings signed or unsigned, provided that they clearly refer to the subject matter of the transaction, and may be so established by competent evidence, may be read together. Under that decision and upon the documents presented in support of the existence of a contract in the present action permits the court of no other determination but that this motion must be and it is denied.”
Accordingly, the motion to dismiss the complaint and discharge the notice of pendency of action is denied.