■ D & I FILL & TOPSOIL DISTRIBUTORS, INC., Plaintiff, v. ROBERT L. RIFFLARD, JR., Defendant and Third-Party Plaintiff-Appellant. STATE FARM MUTUAL AUTOMOBILE INSURANCE Co., Third-Party Defendant-Respondent.— In a negligence action to recover damages for property injuries, the third-party plaintiff appeals from an order of the Supreme Court, Rockland County, dated August 9, 1971, which granted the third-party defendant's motion for summary judgment. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion there are triable issues of fact with regard to the circumstances surrounding the making of the insurance policy in question, particularly the intention of the parties as to the contemplated coverage, which issues can only be resolved after a full trial. Rabin, P. J., Munder, Martuscello, Latham and Benjamin, JJ., concur.

■ DART ASSOCIATES, Respondent, v. ROSAL MEAT MARKET, INC., et al., Defendants, and LETTERIA SALVO, Appellant.— In an action to foreclose mortgages on two parcels of real estate, defendant Letteria Salvo appeals from so much of a judgment of the Supreme Court, Queens County, dated November 14, 1972, as foreclosed a second mortgage on her residence. Judgment reversed, insofar as appealed from, on the law and the facts, and a new trial ordered, with costs to abide the event. The question presented on appeal is whether certain signatures on a bond and mortgage are those of the appellant or whether they are forgeries. The documents in question secured a $14,000 loan to Rosal Meat Market owned by Orazio and Rosalie Salvo, appellant's son and daughter-in-law, respectively. As proof of the authenticity of appellant's purported signature, plaintiff introduced into evidence the signature accompanied by a notary public's certificate of acknowledgment. In rebuttal, appellant denied signing the documents. Furthermore, the testimony adduced at trial reveals that the signatures of the defaulting defendants were duly acknowledged by plaintiff's attorney at appellant's residence in Forest Hills, Queens, and in a Manhattan hospital, but appellant's purported signature was acknowledged by a notary located in Brooklyn, a few blocks from the Rosal Meat Market. Moreover, appellant's purported signatures bear little resemblance to the specimen made in open court. In our opinion, Trial Term's finding that appellant executed the documents in issue is against the weight of the evidence. A certificate of acknowledgment is prima facie proof of the authenticity of a signature (CPLR 4538). While such proof is not conclusive (Real Property Actions and Proceedings Law, § 301, subd. 1), it is sufficient to send the case to the jury "so that they may decide between the probative force of the certificate, supported by the presumption that it states the truth, on the one hand, and the evidence produced in rebuttal, whatever it may be, on the other" (*Albany County Sav. Bank* v. *McCarty*, 149 N. Y. 71, 83). In other words, the prima facie proof of the authenticity of a signature may be rebutted by proof, credible to the trier of fact. Since handwriting is the crucial issue in this case, appellant should obtain and introduce on the new trial, the opinion of a handwriting expert. Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur.