■ TREEFORMS, INC., Respondent, v ACTION AUDIO, INC., Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Bryant, J.), entered October 7, 1983 in Tompkins County, which granted plaintiff's motion for summary judgment. ¶ In May, 1978, defendant's predecessor, Ithaca Radio and Electronics, Inc., entered into a written lease with plaintiff for the rental of certain premises located at 1300 Dryden Road in the City of Ithaca. The term of this lease was for a period commencing September 1, 1978 and ending August 31, 1983. The rent for the premises was $850 per month. Thereafter, Ithaca Radio and Electronics, Inc., merged into defendant. ¶ On or about January 31, 1983, defendant vacated the leased premises. Subsequently, on August 29, 1983, plaintiff commenced the instant action seeking the unpaid rental payments from February 1, 1983 to August 31, 1983. Defendant answered, alleging as affirmative defenses that: (1) plaintiff accepted defendant's surrender of the premises and thus released it from further claim for rent; (2) plaintiff used the leased premises for its own purposes following defendant's departure; and (3) plaintiff rerented the premises to another tenant on February 1, 1983. In due course, plaintiff moved for summary judgment. This motion was granted and the instant appeal ensued.* ¶ In support of plaintiff's motion for summary judgment, plaintiff's president and attorney submitted affidavits based on personal knowledge stating that defendant leased the premises on May 8, 1978 for a term of five years, commencing September 1, 1978. These affidavits also state that defendant abandoned the premises on January 31, 1983 and has paid no rent since that date. The affidavits further state that as of *August 1, 1983,* plaintiff succeeded in rerenting the premises. Attached to the motion papers was a letter dated March 21, 1983, to plaintiff from defendant's president, acknowledging defendant's liability for rent through August, 1983. ¶ After conducting a careful review of the record, we agree with Special Term that the affidavit in opposition to the motion for summary judgment submitted by defendant's president fails to refute any of the facts alleged by plaintiff and, moreover, fails to provide factual support for defendant's affirmative defenses (see *Zuckerman v City of New York,* 49 NY2d 557, 562). In this regard, we would note that, contrary to defendant's contention, plaintiff had no obligation to respond to the affirmative defenses and, accordingly, they were deemed denied (CPLR 3011, 3018, subd [a]; Siegel, NY Prac, § 221, p 267). The judgment should, therefore, be affirmed. ¶ Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.

---

* Special Term determined that there was a balance of rent due from defendant for six months, from February 1, 1983 to August 1, 1983.