(April 9, 1990)

■ LOUIS FORTES et al., Respondents, v ESTATE OF LEE MAGOON et al., Appellants. (Action No. 1.) ANTHONY M. RENDE, Respondent, v WESTCHESTER BRAKE & CLUTCH, INC., et al., Appellants. (Action No. 2.)—In consolidated actions, *inter alia,* to recover damages for breach of contract and fraud, and to declare a lease invalid, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Ferraro, J., on decision; Coppola, J., on order), dated April 13, 1988, as (1) granted the motion of the plaintiff in action No. 2 for summary judgment declaring the lease to be invalid, and (2) granted those branches of the motion of the plaintiffs in action No. 1 which were for partial summary judgment with respect to liability on their first and second causes of action, and directed a trial on the issue of damages with respect to those causes of action.

Ordered that the order is modified, on the law, by (1) deleting so much of the second decretal paragraph thereof as

granted that branch of the motion of the plaintiffs in action No. 1 which was for partial summary judgment on their first cause of action sounding in fraud, and substituting therefor a provision denying that branch of their motion, and (2) deleting the third decretal paragraph thereof; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff in action No. 2 payable by the appellants, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the amount of consideration paid by the plaintiffs in action No. 2 pursuant to the contract which is the subject of that action.

These actions arise out of the sale of a business, the Westchester Brake & Clutch, Inc., which was owned by the estate of Lee Magoon. Louis Fortes, who was interested in purchasing the business assets of Westchester Brake & Clutch, Inc., negotiated the sale with officers of Barclay's Bank (hereinafter the Bank), which was the representative of the estate of Lee Magoon. Fortes, however, was only interested in purchasing the business if the Bank, on behalf of the estate, could negotiate a renewal lease for the business premises.

The Bank obtained a renewal lease from Frank Rende, the alleged agent for Anthony M. Rende, the owner of the premises. Thereafter, Fortes signed a contract for the purchase of the premises. The contract conveyed "all of Seller's rights under a lease of the property".

Following the closing on the contract for the sale of the business, Anthony M. Rende repudiated the lease, asserting that Frank Rende, his brother, was an unauthorized agent when he executed it. Once the lease was repudiated, Fortes refused to honor the notes that he had given to the Bank as part of the purchase price. This litigation ensued.

The court properly granted summary judgment to Anthony M. Rende in action No. 2, declaring the lease between him and Westchester Brake and Clutch, Inc., to be invalid. A lease for a term of more than one year is valid only if executed by the lessor or an agent authorized in writing to act on behalf of the lessor (General Obligations Law § 5-703 [2]; *Commission on Ecumenical Mission & Relations of United Presbyt. Church v Roger Gray, Ltd.*, 27 NY2d 457). The lessor Anthony M. Rende did not give authorization in writing to his brother to act as his agent and sign the lease dated October 18, 1985. Thus, the lease was void *ab initio*. Further, the narrow exceptions to the Statute of Frauds are inapplicable here as Anthony Rende, the lessor, never ratified nor subscribed to his brother's ac-

tions (see, Koch v Regan, 272 App Div 920, affd 297 NY 644; Hummell v Cruikshank, 280 App Div 47).

The estate of Lee Magoon and the Bank admit on appeal that Fortes's offer to purchase was "contingent upon the obtaining of a new lease". There is no dispute on appeal that the renewal of the lease was a condition precedent to the sale of the business. Thus, by virtue of the invalidity of the lease, the condition was not satisfied and Fortes and Westchester Brake & Clutch, Inc., are entitled to summary judgment on their second cause of action against the defendant Westchester Brake & Clutch, Inc., to recover damages for failure of the condition (see, Merritt Hill Vineyards v Wind Hgts. Vineyards, 61 NY2d 106). However, we note that damages should be limited to the consideration paid by the plaintiffs pursuant to the contract (see, Merritt Hill Vineyards v Wind Hgts. Vineyards, supra).

One of the officers of the Bank improperly notarized the lease, despite his knowledge that the lessor's brother signed the lessor's name. This was a violation of the officer's statutory duty (Executive Law § 135-a; cf., Matter of Facey v Department of State, 132 AD2d 698). However, under the circumstances, this impropriety was insufficient to establish, as a matter of law, a cause of action sounding in fraud. James Sutton, an officer of the Bank, asserted that Fortes was aware that the lease was improperly signed and therefore could not have relied on the signature. If Fortes knew of the falsity of the signature, the plaintiffs will be unable to sustain their action sounding in fraud (see, 113-14 Owners Corp. v Gertz, 123 AD2d 850, 851). Because there are material unanswered questions of fact regarding the extent of Fortes's reliance, partial summary judgment on the fraud cause of action should not have been granted. Mangano, P. J., Thompson, Bracken and Rosenblatt, JJ., concur.