■ Louis Fortes et al., Respondents, v Estate of Lee Magoon et al., Appellants. (Action No. 1.) Barclays Bank of New York, N. A., Appellant, v Louis Fortes, Respondent. (Action No. 2.)—In consolidated actions, inter alia, to recover damages for breach of contract and fraud, the defendants appeal from an order of the Supreme Court, Westchester County (Gagliardi, J.H.O.), dated December 10, 1990, which denied their motion for renewal of a prior motion by the plaintiffs in Action No. 1 for summary judgment, which was granted in part by an order of the same court (Ferraro, J., on decision; Coppola, J., on order), dated April 13, 1988.

Ordered that the order is affirmed, with costs.

The facts underlying this appeal are reported in the decision and order on the parties' prior appeal, in which this Court, inter alia, affirmed so much of the order dated April 13, 1988, as awarded summary judgment to the plaintiff Louis Fortes on his breach of contract cause of action (see, Fortes v Estate of Magoon, 160 AD2d 756). Following that appeal, the appellants herein moved for renewal of the prior summary judgment motion contending, in essence, that Fortes had entered into a new lease with Anthony Rende, pursuant to which Fortes was operating a Westchester Brake & Clutch, Inc., service facility, and that had the court been aware of this subsequent arrangement, it would not have granted summary judgment to Fortes on his breach of contract cause of action.

However, as the court properly found, this new lease is immaterial to the fact that a breach occurred. As this Court held on the parties' prior appeal: "The estate of Lee Magoon and the Bank admit on appeal that Fortes's offer to purchase was 'contingent upon the obtaining of a new lease'. There is no dispute on appeal that the renewal of the lease was a condition precedent to the sale of the business. Thus, by virtue of the invalidity of the lease, the condition was not satisfied and Fortes and Westchester Brake & Clutch, Inc., are entitled to summary judgment on their second cause of action against the defendant Westchester Brake & Clutch, Inc., to recover damages for failure of the condition (see, Merritt Hill Vineyards v Windy Hgts. Vineyards, 61 NY2d 106). However, we note that damages should be limited to the consideration paid by the plaintiffs pursuant to the contract (see, Merritt Hill Vineyards v Windy Hgts. Vineyards, supra)" (Fortes v Estate of Magoon, supra, at 758).

That a new, subsequent lease arrangement was negotiated by Fortes and Anthony Rende does not obviate the aforementioned breach of the condition. Rather, as the late Justice Gagliardi properly recognized, the existence of a new lease is relevant only to the amount of damages. Thus, renewal was properly denied. Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.