(March 9, 1998)

■ LEE M. ALBIN et al., Appellants, v FIRST NATIONWIDE NETWORK MORTGAGE COMPANY, Respondent, et al., Defendant. [670 NYS2d 42] —In an action to set aside a deed, the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Doyle, J.), entered August 12, 1996, which denied their motion for summary judgment, and (2), as limited by their brief, from so much of an order of the same court, dated April 28, 1997, as (a) denied that branch of their motion which was to dismiss the affirmative defense of agency asserted by the defendant First Nationwide Network Mortgage Company, and (b) granted the cross motion of the defendant First Nationwide Network Mortgage Company for partial summary judgment dismissing the complaint insofar as it is asserted on behalf of the plaintiff Alice D'Amico.

Ordered that the order entered August 12, 1996, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated April 28, 1997, is modified, on the law, by deleting the provision thereof which denied that branch of the plaintiffs' motion which was to dismiss the affirmative defense of agency insofar as asserted by the defendant

First Nationwide Network Mortgage Company as a defense to the claims of the plaintiff Lee M. Albin and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs, owners of a parcel of land situated in the Town of Brookhaven, New York, alleged that their signatures on a deed conveying the parcel to the defendant First Nationwide Network Mortgage Company (hereinafter First Nationwide) were forged, and sought to set the deed aside. They claimed that their signatures were forged by John D'Amico, who was the former law partner of the plaintiff Lee Albin and the late husband of the plaintiff Alice D'Amico. In opposition to the plaintiffs' motion for summary judgment, First Nationwide asserted, *inter alia*, that if the plaintiffs' signatures were, indeed, made by John D'Amico, then he made them as the plaintiffs' agent. The court denied the motion for summary judgment, and denied their subsequent motion for leave to reargue or, in the alternative, to dismiss the affirmative defense of agency asserted by First Nationwide on the ground that there was no written authority for John D'Amico to act as an agent (*see,* General Obligations Law § 5-703). First Nationwide's cross motion to dismiss the complaint insofar as it is asserted on behalf of Alice D'Amico was granted.

The Supreme Court properly denied the plaintiffs' motion for summary judgment. "A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution, which presumption * * * can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (*Son Fong Lum v Antonelli,* 102 AD2d 258, 260-261, *affd* 64 NY2d 1158; *see also, Uvalde Asphalt Paving Co. v City of New York,* 99 App Div 327). The plaintiffs failed to present sufficient credible evidence to rebut the presumption of the validity of the certificate of acknowledgment (*see, Albany County Sav. Bank v McCarty,* 149 NY 71, 80; *see also, Dart Assocs. v Rosal Meat Mkt.,* 39 AD2d 564).

Moreover, the court properly dismissed the complaint insofar as it is asserted on behalf of Alice D'Amico, since she admitted at her deposition that she had given her late husband unrestricted authority to sign her name in all their business affairs, and that the sale of the property in question was a business decision. Thus, with regard to Alice D'Amico, General Obligations Law § 5-703 has no application (*see, Hummell v Cruikshank,* 280 App Div 47).

However, the branch of the motion which was to dismiss the affirmative defense of agency insofar as asserted as a defense to the claims by Albin, should have been granted. Contrary to First Nationwide's contention, the court's order dated March 2, 1995, which granted its motion for leave to serve an amended answer to add the defense of agency, did not compel the plaintiffs to respond to the amended answer. Moreover, because First Nationwide's claim of agency was not cast in a counterclaim, the plaintiffs were not required to respond to the affirmative defense in the amended answer (*see,* CPLR 3011; *Treeforms, Inc. v Action Audio,* 102 AD2d 920); thus, the plaintiffs' failure to respond may be deemed a denial of the allegations therein (CPLR 3018 [a]; *see also, Wainco Funding v Logiudice,* 199 AD2d 950; Siegel, NY Prac § 229, at 335-336 [2d ed]). Nor did the plaintiffs' failure to move for dismissal of the defense until approximately 18 months after it had been asserted, constitute a waiver. Under CPLR 3211, a motion seeking to dismiss a defense may be made at any time prior to, or at the time of trial (*see, Sadif, S.A. v Burnham & Co.,* 20 AD2d 777).

Finally, with regard to the merits of the motion to dismiss the agency defense, an estate or interest in real property cannot be granted unless, *inter alia,* by a deed in writing, subscribed by the person granting the same "or by his lawful agent, thereunto authorized by writing" (General Obligations Law § 5-703 [1]; *see also, Commission on Ecumenical Mission Relations of United Presbyt. Church v Roger Gray, Ltd.,* 27 NY2d 457; *Fortes v Estate of Magoon,* 160 AD2d 756). Since there is no evidence of a written agency agreement between Albin and John D'Amico authorizing the latter to sell Albin's interest in the parcel of land, First Nationwide's affirmative defense of agency should have been dismissed insofar as it was asserted against Albin (*see, Commission on Ecumenical Mission Relations of United Presbyt. Church v Roger Gray, Ltd., supra; Shui Ching Chan v Bay Ridge Park Hill Realty Co.,* 213 AD2d 467; *DeMartin v Farina,* 205 AD2d 659; *Fortes v Estate of Magoon, supra*). Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.