■ WINFIELD CAPITAL CORP., Appellant, v GREEN POINT SAVINGS BANK et al., Respondents, et al., Defendants. [690 NYS2d 625] —In an action, *inter alia,* to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated December 15, 1997, as, upon renewal, adhered to a prior determination of the same court (Milano, J.), made in an order dated January 13, 1994, which denied the plaintiff's motion for summary judgment.

Ordered that the order dated December 15, 1997, is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment is granted, and the order dated January 13, 1994, is vacated.

The plaintiff Winfield Capital Corp. (hereinafter Winfield

Corp.) commenced this action to foreclose a mortgage, dated July 28, 1988, on four parcels of real property owned by the defendants Louis and Valerie Vaughan and their corporation. Despite the fact that the mortgage was not paid in full, two satisfactions of mortgage were recorded in Queens County in 1989. Each satisfaction was signed by "Albert Winfield" as president of Winfield Corp., located at 1100 48th Street in Brooklyn, and bore a notary's certificate of acknowledgment. Winfield Corp. asserts that no person named "Albert Winfield" was ever an officer, director, shareholder, employee, or agent of the corporation and that the corporation never authorized the satisfactions. Nevertheless, some of the defendants in this action relied on the recorded satisfactions when they subsequently made loans to the Vaughans, which were secured by mortgages on the same properties.

A certificate of acknowledgment attached to an instrument raises a presumption of due execution which may be rebutted only after being weighed against evidence which shows that the subject instrument was not duly executed (*see, Albin v First Nationwide Network Mtge. Co.,* 248 AD2d 417; *Son Fong Lum v Antonelli,* 102 AD2d 258, *affd* 64 NY2d 1158). "[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty" (*Albany County Sav. Bank v McCarty,* 149 NY 71, 80; *see, Son Fong Lum v Antonelli, supra*).

In support of its renewed motion for summary judgment, Winfield Corp. submitted an affidavit from Stanley Pechman, the founder and president of the company, who stated that no person named "Albert Winfield" was ever associated with the corporation and that the corporation never had an office in Brooklyn, as indicated on the satisfactions. Also submitted was the certificate of incorporation for Winfield Corp., the minutes of annual shareholders' meetings from 1986 through 1990, corporate financial reports, and the corporation's lease for office space at 237 Mamaroneck Avenue in White Plains from 1982 through 1992, all of which confirmed Pechman's statements. To further demonstrate that the office address on the satisfactions was fictitious, Winfield Corp.'s attorney sent mail to 1100 48th Street in Brooklyn which was returned by the post office marked "no such number". In addition, there was proof that the Vaughans and their corporation continued to make mortgage and/or interest payments for approximately three years after the satisfactions were filed. They also entered

into an agreement dated March 6, 1992, modifying the terms of payment of the mortgage note. Further, a prospectus filed with the securities and exchange commission when Winfield Corp. offered its stock for sale to the public in 1995 listed the mortgage as an open loan. Winfield Corp. also pointed out numerous errors in the satisfactions which further supported its claim that the satisfactions were fraudulent. The first satisfaction misstated the date of the mortgage and the address of one of the four mortgaged properties. It also failed to list the Vaughans' corporation as one of the three mortgagors. The second satisfaction listed only one of the four mortgaged properties.

In opposition to the motion, two of the defendants who had made subsequent loans to the Vaughans essentially relied on the presumption which attached to the satisfactions by virtue of the certificate of acknowledgment. They submitted no proof refuting the evidence submitted by Winfield Corp. that the filing of the satisfactions was unauthorized and fraudulent. Their only explanation as to why the mortgagors continued to make payments after the satisfactions were filed was an unsubstantiated and speculative suggestion that the payments may have been applied to other debts. They offered no explanation as to why the filing of a second satisfaction would have been necessary. The Vaughan defendants did not oppose the motion as a judgment had already been granted against them upon their default in appearing.

Winfield Corp. submitted clear and convincing evidence sufficient to rebut the presumption of due execution. The proof clearly demonstrated that the satisfactions were fraudulent. The defendants failed to come forward with any evidence to raise a triable issue of fact. Consequently, the Supreme Court erred in denying Winfield Corp.'s motion. S. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.