OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed without costs and matter remanded to the court below for a new trial.
In this holdover proceeding brought to recover possession of an apartment for an alleged breach of a lease caused by tenant’s harboring of a pet, the court dismissed the petition with prejudice at the close of petitioner’s case after its rulings prevented petitioner from establishing its prima facie case.
It is the opinion of this court that petitioner authenticated tenant’s signature on the 1985 lease in question through the testimony of its witnesses who established their familiarity with same (Hammond v Varian, 54 NY 398; People v Murray, 122 AD2d 81, lv denied 68 NY2d 916; see, Prince, Richardson on Evidence §§ 7-318, 9-103 [Farrell 11th ed]). In addition, petitioner produced a 1990 lease signed by tenant and had it available in court to compare it with the signature on the 1985 lease. Moreover, the trial court erred in holding that petitioner had to authenticate the signature of the prior owner as a condition to admitting the lease into evidence since the only person sought to be charged under the terms of the lease was tenant (see, General Obligations Law § 5-703 [2]; see also, Crabtree v Elizabeth Arden Sales Corp., 305 NY 48, 56; APS Food Sys. v Ward Foods, 70 AD2d 483).
Additionally, this court is of the opinion that the lease in question, based on the testimony of the witnesses for petitioner, should have been admitted as a business record exception to the hearsay rule (see, Prince, Richardson on Evidence § 8-102 [Farrell 11ed]; see also, People v Kennedy, 68 NY2d 569, 578-579; Puznowski v Spirax Sarco, 275 AD2d 506; CPLR 4518 [a]). The Division of Housing and Community Renewal records, sought to be admitted under CPLR 4540, should also have been admitted even if the signature on the certification could not be made out (see, Welde v Wolfson, 32 AD2d 973; see also, Prince, Richardson on Evidence § 9-203 [Farrell 11th ed]).
While the conduct of a trial is generally left to the sound discretion of the trial court (Gandelman v Gandelman, 90 AD2d 494), the request here for a brief adjournment should have *351 been granted when the items required for the prima facie case were in a prior court file only three months old and counsel established that his request was not made for the purpose of delay, that the evidence was material and that this request was not the result of his failure to exercise due diligence (see, Behrens v Original Graphics, 262 AD2d 15; Mura v Gordon, 252 AD2d 485; Halloran v Spina Floor Covering, 185 AD2d 149). Finally, the dismissal of the case should not have been with prejudice where it appears that the proof which supports the prima facie case is available (Kilduff v Donna Oil Corp., 74 AD2d 562, 563).
Scholnick, P. J., Aronin and Patterson, JJ., concur.