■ WASHINGTON MUTUAL HOME LOANS, INC., Appellant, v WILSON RUEDA et al., Respondents, et al., Defendants. [783 NYS2d 828]—

In an action, inter alia, to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered April 3, 2003, which granted the motion of the defendants Wilson Rueda and Mortgage Electronics Registration Systems, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

"A certificate of acknowledgment attached to an instrument raises a presumption of due execution which may be rebutted only after being weighed against evidence which shows that the subject instrument was not duly executed (*see, Albin v First Nationwide Network Mtge. Co.,* 248 AD2d 417; *Son Fong Lum v Antonelli,* 102 AD2d 258, *affd* 64 NY2d 1158). '[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount

to a moral certainty' (*Albany County Sav. Bank v McCarty,* 149 NY 71, 80; *see, Son Fong Lum v Antonelli, supra*)." (*Winfield Capital Corp. v Green Point Sav. Bank,* 261 AD2d 539, 540 [1999].) Here, the defendants Wilson Rueda and Mortgage Electronics Registration Systems, Inc. (hereinafter the respondents), made a prima facie showing that they appropriately relied on a duly-executed and recorded satisfaction of mortgage when they executed their mortgage. In opposition, the plaintiff failed to submit sufficient evidence to rebut the presumption of due execution, and thus did not raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Therefore, the Supreme Court properly granted the respondents' motion for summary judgment.

The plaintiff's remaining contentions are without merit. Smith, J.P., Adams, Crane and Skelos, JJ., concur.