■ TD BANK, N.A., Successor by Merger to COMMERCE BANK, N.A., Respondent, v PICCOLO MONDO 21ST CENTURY, INC., et al., Appellants. [949 NYS2d 444]—

In an action, inter alia, to recover on a promissory note and a personal guaranty, the defendants appeal from (1) a decision of the Supreme Court, Queens County (Rosengarten, J.), dated March 17, 2011, and (2) an order and judgment (one paper) of the same court entered June 3, 2011, which, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment, in effect, on the first and fourth causes of action, and is in favor of the plaintiff and against them in the total sum of $79,436.60.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order and judgment is reversed, on the law, and those branches of the plaintiff's motion which were for summary judgment on the first and fourth causes of action are denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff commenced this action, inter alia, to recover on a promissory note and personal guaranty allegedly executed by the defendant Nan Megreisthvili, also known as Nana Megrelish-vili, also known as Nana Hayon (hereinafter Megrelishvili), an officer of the defendant Piccolo Mondo 21st Century, Inc. (here-inafter Piccolo), in connection with a loan extended to Piccolo. The plaintiff sought to recover the balance of the loan, plus interest, late fees, and costs, after Piccolo allegedly defaulted on the loan after making more than 40 payments thereon.

The defendants, in their answer, denied that the plaintiff extended a loan to Piccolo or that Piccolo defaulted on such loan. They asserted as an affirmative defense that Megrelishvili never signed a personal guaranty, and that any purported signature on such a document was a forgery.

The plaintiff moved, inter alia, for summary judgment, in effect, on its first cause of action, which was to recover on the promissory note, and on its fourth cause of action, which was to

recover on the personal guaranty. In support of its motion, the plaintiff submitted an affidavit from a loan officer and copies of the note, the underlying loan application, and the guaranty, bearing what purports to be Megrelishvili's signature, as well as a letter stating that Piccolo was in default and demanding payment on the loan.

In opposition, the defendants submitted the affidavit of Megrelishvili, who denied signing the note and guaranty submitted by the plaintiff. Megrelishvili acknowledged signing a promissory note, but claimed that it was not the same note as that submitted by the plaintiff. She denied ever signing a personal guaranty. In support of her defense of forgery, Megrelishvili submitted copies of her driver's license and passport, which bore her signature.

The Supreme Court granted those branches of the plaintiff's motion which were for summary judgment, in effect, on the first and fourth causes of action. The defendants appeal. We reverse.

The plaintiff established its prima facie entitlement to judgment as a matter of law on its first and fourth causes of action by submitting proof of the existence of the note and the guaranty, and the defendants' failure to make payment in accordance with the terms of those instruments (*see Imperial Capital Bank v 11-13-15 Old Fulton D, LLC*, 88 AD3d 652, 653 [2011]; *Provident Bank v Giannasca*, 55 AD3d 812, 812 [2008]; *State Bank of Long Is. v O'Brien*, 298 AD2d 576, 576 [2002]).

In opposition, the defendants raised a triable issue of fact with respect to a bona fide defense. Something more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 383-384 [2004]). Here, the defendants submitted, in addition to Megrelishvili's affidavit, copies of her driver's license and passport as examples of her signature. Further, while the defendants submitted no expert affidavit, an expert opinion is not required to raise a triable issue of fact regarding a forgery allegation (*id.* at 384).

Moreover, neither the signature on the note nor the one on the guaranty was notarized, so there is no presumption of due execution (*cf. John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 621-622 [2008]). In addition, a review of the materials submitted in opposition to the defendants' motion reveals that the handwriting samples submitted by Megrelishvili differ enough from the signatures on the note, the underlying loan application, and the guaranty submitted by the plaintiff to raise a triable issue of fact as to the authenticity of those signatures,

requiring a determination on this issue by a factfinder (see *Poughkeepsie Sav. Bank v Tyson*, 170 AD2d 818 [1991]; *see also Pasqualini v Tedesco*, 248 AD2d 604, 604 [1998]).

Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment, in effect, on the first and fourth causes of action. Angiolillo, J.P., Belen, Chambers and Austin, JJ., concur.