■ DIGESTIVE DISEASE AND NUTRITION CENTER OF WESTCHESTER, LLP, Respondent, v RICHARD ABRAMS, Appellant. [977 NYS2d 286]—

In an action to recover on two written guarantees, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered July 25, 2011, as granted the plaintiff's motion for summary judgment and denied his cross

motion, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the action for lack of personal jurisdiction, and (2) from a judgment of the same court entered August 16, 2011, which, upon the order, is in favor of the plaintiff and against him in the total sum of $81,378.42.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff brought this action to recover on two written guarantees by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court properly granted the plaintiff's motion. The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by submitting proof of the existence of two underlying promissory notes, which contained guarantees executed by the defendant, and a failure to make payment in accordance with the terms of the notes and guarantees (*see TD Bank, N.A. v Piccolo Mondo 21st Century, Inc.*, 98 AD3d 499, 500 [2012]; *Provident Bank v Giannasca*, 55 AD3d 812 [2008]). In opposition, the defendant failed to raise a triable issue of fact with respect to a bona fide defense.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur.