(October 12, 2016)

■ A.F. SUPPLY CORP., Respondent, v PERFECT LOCK & SECURITY, INC., et al., Defendants, and JOSEPH NEIMAN, Appellant. [39 NYS3d 49]—

In an action, inter alia, to recover on a personal guaranty, the defendant Joseph Neiman appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings

County (Kurtz, Ct. Atty. Ref.), dated December 8, 2014, as, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $27,978.54.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed insofar as asserted against the defendant Joseph Neiman.

The plaintiff commenced this action, inter alia, to recover on a personal guaranty allegedly executed by the defendant Joseph Neiman (hereinafter Neiman), in which Neiman purportedly agreed to answer for amounts owed by the defendant Neiman Show Room Corp. (hereinafter Show Room) in connection with purchases of merchandise from the plaintiff. Neiman denied that he executed the guaranty.

At trial, the plaintiff produced a credit application completed on behalf of Show Room which contained the subject personal guaranty bearing an unwitnessed, illegible signature. The plaintiff's sole witness, its president, testified that the signature on the guaranty was that of Neiman, but he subsequently admitted that he did not witness Neiman sign the document, that he did not possess any other documents bearing Neiman's signature which would have made him familiar with it, and that he merely assumed that Neiman had signed the guaranty because he was a principal of Show Room.

Relying on the credit application and the testimony of the plaintiff's president, the trial court found that Neiman had signed the personal guaranty, and awarded judgment in favor of the plaintiff and against Neiman pursuant to its terms. We reverse that portion of the judgment and dismiss the complaint insofar as asserted against Neiman.

A promise to answer for the debt of another must be in writing and signed by the party to be charged (see General Obligations Law § 5-701 [a] [2]; *Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 3 [1964]). Since the authenticity of Neiman's signature was disputed, in order to establish the authenticity of that signature through the testimony of a lay witness, the plaintiff was required to demonstrate that the witness personally observed the execution of the guaranty or possessed such a degree of familiarity with other examples of Neiman's signature that he could readily recognize the signature on the guaranty as authentic (see Jerome Prince, Richardson on Evidence §§ 7-318, 9-103 at 485-486, 703-704 [Farrell 11th ed]; *see e.g. Tuscan Realty Corp. v O'Neill*, 189 Misc 3d 349, 350 [App Term, 2d Dept 2001]). No such evidence was presented (see generally *Matter of Odom v Goord*, 271 AD2d 723, 724 [2000]; *People v Boswell*, 167 AD2d 928 [1990]), and the plaintiff did not

establish that the signature was notarized or accompanied by a certificate of acknowledgment (*see* CPLR 4538; *Seaboard Sur. Co. v Earthline Corp.*, 262 AD2d 253 [1999]; *Albin v First Nationwide Network Mtge. Co.*, 248 AD2d 417, 418 [1998]; *Dart Assoc. v Rosal Meat Mkt.*, 39 AD2d 564 [1972]), or that additional circumstantial evidence clearly pointed to the signature on the guaranty as being the authentic writing of Neiman (*see generally People v Thomas*, 272 AD2d 892, 893 [2000]).

In the absence of any competent proof as to the authenticity of the signature which appeared on the guaranty, the plaintiff failed to sustain its burden of proof with respect to Neiman. Accordingly, we reverse the judgment insofar as appealed from and dismiss the complaint insofar as asserted against Neiman. Leventhal, J.P., Dickerson, Maltese and Connolly, JJ., concur.