OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, and the matter is remitted to the City Court for a new trial before a different judge.
This small claims action involves a dispute as to a $3,300 brokerage fee, which is being held by plaintiff’s former attorney, defendant stakeholder John E. Bach. At a nonjury trial, whereas defendant John J. Lease testified that plaintiff had incurred the fee in connection with the sale of a condominium unit, plaintiff testified that pursuant to an agreement she had made with defendant’s employee, Jennifer Brenner, she had only been obligated to pay defendant, and had paid, a broker’s commission in connection with her sale of the condominium. Brenner testified that, with respect to the sale of the condominium, she had agreed to forgo a 3% listing fee, but that she had told plaintiff she would be charging her a 3% commission for her work as a selling agent.
Plaintiff confirmed that she had signed the contract of sale of the condominium, which identified defendant as the only broker with whom she had dealt, and in which plaintiff agreed “to pay any commission earned (pursuant to separate agreement with broker).” However, with respect to the two “separate agreements” relied on by defendant, to wit, the binder agreement that was admitted into evidence, which specified that a 3% commission was to be paid to defendant in connection with the sale of the condominium, and a New York State Disclosure Form for Buyer and Seller, on which a box was checked indicating that plaintiff had given advance informed consent for defendant to act as both a seller’s and a buyer’s agent, plaintiff claimed that her purported signatures thereon were forgeries. Brenner, however, testified that she had seen plaintiff sign the binder agreement and the disclosure form. Following the trial, the court dismissed the action, finding that defendant was entitled to the $3,300 fee on the ground that, although plaintiff had clearly denied having signed the binder agreement, she had failed to offer “evidence ... in the form of forensic testimony” to support her claim of forgery.
In a small claims action, our review is limited to a determination of whether “substantial justice has . . . been done be *36 tween the parties according to the rules and principles of substantive law” (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
While “[s]omething more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature” (Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384 [2004]), “an expert’s opinion is not required to establish a triable issue of fact regarding a forgery allegation” (id.; see also Kitovas v Megaris, 133 AD3d 720, 721 [2015]; TD Bank, N.A. v Piccolo Mondo 21st Century, Inc., 98 AD3d 499, 500 [2012]). Once a triable issue of fact is established as to the authenticity of a signature, the burden shifts to the party claiming under the signature to establish its authenticity (see A.F. Supply Corp. v Perfect Lock & Sec., Inc., 143 AD3d 747 [2016]). Where, as here, a signature is not notarized, there is no presumption of due execution (see TD Bank, N.A. v Piccolo Mondo 21st Century, Inc., 98 AD3d at 500). Moreover, since plaintiff admitted to having signed the contract of sale, the City Court had an authentic signature to compare with the alleged forgeries. In addition, defendant introduced into evidence a copy of the deed for the condominium, which bore plaintiff’s notarized, and, thus, presumptively valid, signature (see John Deere Ins. Co. v GBE/Alasia Corp., 57 AD3d 620, 621-622 [2008]). In this circumstance, we conclude that the evidence before the City Court, including the parties’ differing testimony and documents bearing plaintiff’s authentic signature, was sufficient to create a triable issue of fact as to the authenticity of plaintiff’s signature on the binder agreement.
Since, based on its written decision, it appears that the City Court decided the case solely on the issue of whether the parties had a written contractual agreement, and applied an incorrect standard as to the proof required to establish that plaintiff’s signature was forged, we conclude that the judgment failed to render substantial justice between the parties according to the rules and principles of substantive law (see UCCA 1804, 1807), and a new trial is required.
We reach no other issue.
Accordingly, the judgment is reversed and the matter is remitted to the City Court for a new trial before a different judge.
Tolbert, J.P., Iannacci and Brands, JJ., concur.