■ CENTENNIAL ESTATES, INC., Respondent, v. HELEN P. FILOR et al., Appellants.— In an action for specific performance of a contract of sale of real property, etc., defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County, dated October 14, 1969, as, on resettlement, denied their motion for summary judgment. Order reversed insofar as appealed from, on the law, with $20 costs and disbursements, and motion for summary judgment granted. It appears that on August 4, 1966, Frank L. Filor and his wife, defendant Helen P. Filor, were the owners of certain real property situate in Rockland County as tenants by the entirety. On that date, Frank L. Filor entered into a written agreement with plaintiff's assignor, by the terms of which Filor agreed to sell a seven-acre parcel

of the property to plaintiff's assignor and granted the latter an option to purchase the remaining parcel. Defendant Helen P. Filor was not a party to this agreement. About a week thereafter, she entered into a written agreement with her husband whereby she agreed to convey her interest in the seven-acre parcel to him. He died on March 1, 1967, leaving her surviving. Subsequently, and in compliance with her agreement, she executed a deed conveying title to the seven-acre parcel to the executors of his estate, who are also defendants herein. They, in turn, conveyed that parcel to plaintiff. At about that time, plaintiff attempted unsuccessfully to exercise its option on the remaining parcel of land. That parcel was subsequently sold to a third party and plaintiff now sues for specific performance of its option agreement or, in the alternative, money damages. In our opinion, plaintiff's affidavits raise no triable issue of fact and, hence, the lower court erred in denying defendants' motion for summary judgment. There is absolutely no support for a conclusion that defendant Helen P. Filor might be bound by her husband's contract with plaintiff's assignor or estopped from asserting the Statute of Frauds in relation thereto. She was not a party to the contract (her name having actually been deleted therefrom) and, although she may have participated in preliminary negotiations, it is undisputed that the purchaser was aware of her interest in the property and that her husband did not profess to act in her behalf (cf. *Farr* v. *Newman,* 18 A D 2d 54, affd. 14 N Y 2d 183). Nor is the agreement between her and her husband, taken together with the original option agreement, sufficient to satisfy the Statute of Frauds. She was not a party to the latter agreement and the former does not mention the option, being related only to the sale of the seven-acre parcel and then only referring to that portion of the original contract by indirection. In addition, since her husband had never professed to act in her behalf, the doctrine of ratification appears inapplicable (see *Ramsay* v. *Miller,* 202 N. Y. 72, 76). The only remaining ground upon which a denial of summary judgment could be supported is that there exist questions of fact as to whether defendant Helen P. Filor breached an oral contract to grant plaintiff an option on the remaining property. However, even if any of her alleged oral representations could be construed as a promise to grant an option or fulfill the terms of the original written agreement, plaintiff has utterly failed to support its conclusory allegations of fraud; and, without fraud, there can be no estoppel against the assertion of the Statute of Frauds. Therefore, defendants' motion for summary judgment should have been granted. Christ, Acting P. J., Rabin, Munder, Martuscello and Benjamin, JJ., concur.