■    DANIEL COPPOLA et al., Appellants, v. G. THEODORE FREDSTROM et al., Respondents.— In an action by vendees for specific performance of a contract to sell real property or for money damages for breach of the contract, plaintiffs appeal, as limited by their brief, from an order of the Supreme Court, Nassau County, dated January 14, 1971, which granted a motion by defendants for reargument of their previous motion to dismiss the complaint and thereupon dismissed the complaint.    Order modified, by inserting therein, immediately after the words "the motion to dismiss the complaint is granted", the following: "as to defendant G. Theodore Fredstrom and denied as to defendant Alice H. Fredstrom". As so modified, order affirmed, without costs.    Defendants, husband and wife, owned the subject real property as tenants by the entirety.    The wife purported to convey title to plaintiffs by executing a binder agreement to which she affixed her own signature and that of her husband, without having his written authorization or ratification.    The property was later sold to a third party and plaintiffs now seek damages.    Since the defendant husband neither signed the agreement by himself nor authorized his wife in writing to do so on his behalf, the contract as to him is void and the complaint against him was properly dismissed (General Obligations Law, § 5–703, subd. 2; *Newton* v. *Bronson*, 13 N. Y. 587; *Simmons* v. *Westwood Apts. Co.*, 46 Misc 2d 1093, affd. 26 A D 2d 764, app. dsmd. 18 N Y 2d 786).    As to the defendant wife, she purported to convey the entire fee when she could only convey her right to share in the possession, rents and property therefrom (*Hiles* v. *Fisher*, 144 N. Y. 306). If she acted in good faith, plaintiffs may recover only the amount they have already paid on the purchase price, together with necessary expenses incurred pursuant to the contract.    However, if she acted in bad faith, plaintiffs may be entitled to recover the loss of their bargain (*Burr* v. *Stenton*, 43 N. Y. 462; *Mack* v. *Patchin*, 42 N. Y. 167; *Pumpelly* v. *Phelps*, 40 N. Y. 59; *Mokar Prop. Corp.* v. *Hall*, 6 A D 2d 536; *Grosso* v. *Sporer*, 123 Misc. 796, affd. 220 App. Div. 807). This question cannot be satisfactorily resolved on pleadings and affidavits, but requires a plenary trial.    Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.