■ RALPH J. MAZZOCHETTI, Appellant, v LOUIS P. CASSARINO et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed, with costs. Memorandum: In this action for specific performance of a contract to convey real property or, in the alternative, for return of plaintiff's deposit plus his damages and costs of title examination, the trial court granted judgment for the amount of the deposit plus interest and otherwise dismissed the complaint. Defendant Louis P. Cassarino was an owner of the property as a tenant by the entirety with his wife. Plaintiff's contract to buy the property was signed only by defendant Louis P. Cassarino. On sufficient evidence the trial court found that defendant wife did not know of the contract when it was made, did not consent thereto and is not bound by it. Thereafter, defendants Cassarino conveyed the property to third persons. Since defendant wife was not bound by the contract, it could not be specifically enforced as intended (Coppola v Fredstrom, 45 AD2d 857; Centennial Estates v Filor, 33 AD2d 1042). In such circumstances it lay in the sound discretion of trial term to determine whether any equitable relief could or should be granted (Gotthelf v Stranahan, 138 NY 345, 351–352; Kaloumenos v Bottaccio, 273 App Div 907). Plaintiff has failed to prove any damage caused by the defendant husband's breach of contract; the record contains no evidence of loss by plaintiff at the time of the breach nor expenditure by him for examination of title. In the absence of evidence of any damage for breach of contract, the court correctly awarded plaintiff only the return of his deposit on the contract plus interest from the date thereof. (Appeal from judgment of Monroe Trial Term in action for specific performance.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.