■ ROBERT MICHAELS, Respondent, v THOMAS C. HARTZELL et al., Appellants. THOMAS C. HARTZELL et al., Appellants, v ROBERT MICHAELS, Respondent.—Judgment reversed, on the law, without costs, plaintiff Michaels' first cause of action dismissed, and matter remitted in accordance with the following memorandum: In plaintiff-respondent's action to compel specific performance of an option to purchase premises owned by defendants as tenants by the entirety and occupied by plaintiff-respondent under a long-term lease signed only by defendant Thomas C. Hartzell, the court adopted the findings of the advisory jury that the handwritten option to purchase clause was in the margin of Page No. 3 of the lease amendment when defendant Thomas C. Hartzell initialed that page. The evidence supports such finding and we affirm it. We find no error in the court's ruling limiting

the scope of cross-examination of defendant's former secretary on collateral issues. (See *Radosh v Shipstad,* 20 NY2d 504, 508.) The court erred, however, in granting specific performance against the defendant Alice M. Hartzell as a tenant by the entirety because she neither signed the option nor authorized her husband in writing to do so on her behalf (General Obligations Law, § 5-703, subd 2). There is no evidence of any participation by defendant Alice M. Hartzell in transactions or negotiations pertaining to the property. She never met with plaintiff or his brother and concededly made no representation nor performed any act upon which plaintiff relied. Nor does it appear that she knew of the repairs and improvements to the property made by plaintiff. Under these circumstances it cannot be said that there was "both an occasion and a duty to speak," or that "the omission to speak, upon opportunity being presented, was intentional or in negligent disregard of the plain dictates of conscience and justice." *(Thompson v Simpson,* 128 NY 270, 291; see *Rothschild v Title Guar. & Trust Co.,* 204 NY 458, 461-462; *Mazzochetti v Cassarino,* 49 AD2d 695; *Coppola v Fredstrom,* 45 AD2d 857.) The active participation in the transaction by the party to be estopped, present in *Farr v Newman* (18 AD2d 54, 56-58) and relied upon by plaintiff-respondent is lacking. The judgment is therefore reversed insofar as it grants specific performance against the defendants as tenants by the entirety and plaintiff Michaels' first cause of action is dismissed. Inasmuch as there was no determination made with respect to plaintiff Michaels' second, third and fourth causes and the Hartzells' cross action, we remit the matter for such further proceedings as may be appropriate. All concur, Schnepp, J., not participating, except Callahan, J., who dissents and votes to affirm the judgment for the reasons stated in the decision at Trial Term, Patlow, J. (Appeal from judgment of Monroe Supreme Court—specific performance.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.