*554 OPINION OF THE COURT
S. Herman Klarsfeld, J.
The purchaser seeks to recover a $1,000 deposit given to the seller in connection with the purchase of a one-family house. The plaintiff refused to proceed with the purchase of the property after considering the cost of certain repairs and replacements in this old wood-frame house, all of which conditions she was aware of prior to her signing the receipt and memorandum of sale. The seller claims that he is entitled to retain the $1,000 deposit upon the default of the purchaser in proceeding in good faith with a formal contract and closing. The purchaser claims that she had good cause not to proceed on the grounds that the instrument which she signed did not constitute a binding agreement on the vendee to buy or on the vendor to sell the real property involved and further that the house needed substantial work. The written document, which was a printed form used by the brokerage company, signed by both parties, provides in relevant part as follows:
"Receipt and Memorandum of Sale
Date 11/18, 1979
Received From Dorothy McLean Lyon
Residing At 78 Hawthorne St.
The Sum of One Thousand Dollars
AS DEPOSIT ON ACCOUNT OF PURCHASE OF PREMISES
Known As 653 E. 24 St.
Purchaser Agrees To The Price of $61,500
Sixty-one thousand five hundred Dollars
Deposit As Above $1000
To Be Paid On Signing of Contract $5200
Subject To Purchaser Obtaining New cony Mortgage At Own Expenses Within 40 Days $55,300
Balance To Be Paid On Taking Title _
total $61,500
SUBJECT TO owner’s APPROVAL AND IF ACCEPTED BY HIM MORE FORMAL CONTRACTS TO BE SIGNED ON OR BEFORE 11/26 1979 AND TITLE TO CLOSE ON OR BEFORE 2/1 1980.”
(signed) Dorothy Lyon, Purchaser
(signed) Marvin Keller Owner
As Power of Attorney
(signed) Broker.
The questions presented here are whether the provisions of *555 the above-quoted instrument constitute a binding agreement for the conveyance of the real property and if so, whether the purchaser is entitled to recover the deposit.
A memorandum of sale is no less a contract because the parties contemplated the execution of a more formal instrument. (McTague v Conroy, 133 Misc 312, affd 227 App Div 745.) Whether the parties to an informal agreement become bound prior to the drafting and execution of a contemplated formal writing is basically a question of their intent to become or not to become bound. (Gridley & Sons v Northeastern Cons. Co., 36 AD2d 1001; Arnold v Rothschild’s Sons Co., 37 App Div 564, affd 164 NY 562.) In the instant case, the plaintiff paid a $1,000 deposit for the right to purchase certain real property and the defendant accepted the deposit, thereby incurring an obligation to convey the property. The written agreement together with the testimony at trial indicate that the parties contemplated no further negotiations or agreement upon any essential terms and thus, the agreement is binding, notwithstanding the provision for future formalization. (Karson v Arnow, 32 Misc 2d 499.) All of the essential elements of the transaction, including the price, the property to be sold and the date of sale, were stated in the memorandum, evidencing a meeting of the minds. Had the vendor sued for specific performance the court could have imposed reasonable nonessential terms, since the parties agreed upon the essential terms. (Berman Stores Co. v Hirsh, 240 NY 209; 1 Williston, Contracts, § 48.) Consequently, this court finds that although no formal contract of sale was entered into, the memorandum signed by the parties herein constitutes a binding agreement between the parties.
The plaintiff claims that even if the writing signed by the parties is binding upon them, she had good cause not to proceed with the formal contract because extensive and costly repairs were necessary to put the property in good condition. However, plaintiff testified that prior to signing the memorandum of sale she was aware of the repairs that would have to be made. Based upon this testimony, the court finds that plaintiff’s refusal to proceed with the purchase of the property was without good cause. It is not disputed by the parties that the seller was ready and willing to enter into the formal contract. The default then, was solely that of the purchaser who is responsible in damages to the seller. These damages may even exceed the deposit made by the purchaser. The final *556 issue then is the amount of damages to be awarded to the seller in the instant case.
The standard contract of sale commonly utilized in New York City contains a provision for liquidated damages in the event of the purchaser’s default. The provision states that because of the difficulty in calculating seller’s damages when a buyer defaults in purchasing the property, a certain sum constituting liquidated damages will be held in escrow should the purchaser default. However, in the contract at issue there was no such provision for liquidated damages, nor was there any provision relating to the right of the vendor to retain the $1,000 deposit upon purchaser’s default. Nevertheless, in the event of a breach by the vendee, the vendor may recover standard contract damages, i.e., the difference between the contract price and the market value of the property or even consequential damages including damages measured by the profit which the vendor would have made on the transaction. (Tague Holding Co. v Harris, 250 NY 422; McCormick, Damages, § 186.) It is elementary that compensatory or consequential damages can only be recovered if the party establishes a basis for an inference of fact that he has been actually damaged. (11 Williston, Contracts, § 1345.)
In the case at bar, the defendant rested after the plaintiff presented her case. The defendant had the opportunity to present evidence that the property was sold at a lower price, and that he incurred such damages as advertising expenses and legal fees but instead, he chose not to offer any evidence whatsoever. In the absence of any proof of damages or an applicable contract provision providing for liquidated damages, the defendant must return the full $1,000 deposit to the purchaser. While the defendant was entitled to hold the deposit pending a determination by this court, in view of the uncertainty of the law in this matter he is not entitled as a matter of course to keep the deposit.
Therefore, upon the foregoing and all the evidence presented in this case, this court awards judgment in favor of plaintiff in the sum of $1,000 without interest, cost or disbursements.