■ ROBERT MICHAELS, Appellant, v THOMAS C. HARTZELL et al., Respondents. (Appeal No. 1.) — Order, insofar as it granted defendants' motion, reversed and motion denied, without costs, and, otherwise, appeal dismissed as academic, in view of the decision in *Michaels v Hartzell* [Appeal No. 3] (85 AD2d 901). All concur, Schnepp, J., not participating. (Appeal from order of Monroe Supreme Court, Provenzano, J. — partial summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Moule and Schnepp, JJ.

■ ROBERT MICHAELS, Appellant, v THOMAS C. HARTZELL et al., Respondents. THOMAS C. HARTZELL et al., Respondents, v ROBERT MICHAELS, Appellant. (Appeal No. 3.) — Order reversed, without costs, plaintiff's motion granted, in part, defendants' request for relief denied, and matter remitted to Supreme Court, Monroe County, Patlow, J., for further proceedings, in accordance with memorandum. All concur, Schnepp, J., not participating. Memorandum: Plaintiff appeals from an order which denied his motion for varied relief and proposed findings of fact and conclusions of law upon the remittitur from this court. Plaintiff sought, *inter alia,* judgment that he is entitled to the use of two parking spaces located at 6 North Main Street in the Village of Pittsford pursuant to Schedule B of the lease the parties had entered into, specific performance as against defendant Thomas Hartzell alone with respect to an option to purchase clause for property located at 4 North Main Street in the village and an order dismissing Action No. 2 commenced by defendants Hartzell. Based on our review of the entire record, we hold that it would be contrary to the weight of the evidence to find that the handwritten language concerning the lease of two parking spaces was not present on the parking map (Schedule B) when both parties initialed it on August 20, 1976. Such a finding would likewise be inconsistent with the advisory jury's finding, made in response to the first submitted question, that the handwritten option to purchase clause was in the margin of the second lease addendum when defendant Thomas Hartzell initialed it on September 8, 1976. That finding was adopted by the trial court and affirmed by this court (73 AD2d 1056). We note that the testimony on both issues was markedly similar and that the option to purchase clause makes reference to written material on the parking map. Accordingly, we find pursuant to CPLR 5501 (subd [c]), that the handwritten parking provision was on the map when Mr. Hartzell placed his initials on that page. While Alice Hartzell did assert the Statute of Frauds (General Obligations Law, § 5-703) as a defense to the exercise of the option to purchase, she did not do so as to the lease. We determine, therefore, that she is estopped from doing so. By her own admissions at trial, she always knew when and to whom her husband had rented property; the leasing was done with her authority and consent. We therefore reverse, in part, the order denying plaintiff's motion for judgment on the remittitur and grant so much of the motion as requests an adjudication that plaintiff is entitled to the use of the two parking places as shown on Schedule B and an order dismissing Action No. 2 in all respects.

Inasmuch as it appears that the court did not reach the issues raised in plaintiff's first, third, and fourth numbered requests for relief pertaining to plaintiff's specific performance action against defendant Thomas Hartzell alone, we remit the motion for specific determinations on the merits of those matters. (Appeal from order of Monroe Supreme Court, Patlow, J. — specific performance.) Present — Hancock, Jr., J. P., Callahan, Doerr, Moule and Schnepp, JJ.