■ BEE JAY INDUSTRIAL CORP., Respondent, v CHARLES FINA et al., Appellants. — In an action for specific performance of a contract for the sale of land, defendants owners appeal from an order of the Supreme Court, Queens County (Giaccio, J.), dated November 4, 1982, which denied their motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for partial summary judgment as against George Fina, directing him to convey his one-half interest in the property for one half of the alleged purchase price of the entire property. Order modified, on the law, by deleting the provision denying defendants' motion with respect to Charles Fina, and substituting therefor a provision granting said motion with respect to him and dismissing the complaint as against him. As so modified, order affirmed, without costs or disbursements. Plaintiff Bee Jay Industrial Corp. sought to purchase a commercial property in Long Island City owned by defendants. Defendants George and Charles Fina are brothers and each owned an undivided one-half interest in the property. Plaintiff alleges that sometime in the spring of 1980, a purchase price of $215,000 was negotiated and accepted by both defendants. Thereafter, on or about August 4, 1980, plaintiff and defendant George Fina executed a contract for the sale of the property at that price, and plaintiff delivered a down payment of $21,500. Defendant Charles Fina was not present at the signing, but defendant George Fina indicated to plaintiff that Charles was out of town, and would sign the contract upon his return the following day. However, Charles Fina refused to sign, and on or about August 27, 1980, defendant George Fina returned plaintiff's check and stated that he was rescinding the contract. Plaintiff then commenced this action for specific performance. Defendants answered jointly, denying in general terms the allegations of the plaintiff, but defendant George Fina asserted as a separate, affirmative defense that he was ready, willing and able to convey his one-half interest in the property for the full purchase price of $215,000. Defendants also moved for summary judgment dismissing the complaint, on the ground that George Fina was neither the agent of, nor was he authorized to act on behalf of his brother Charles, and that specific performance could not be compelled as the contract of sale contemplated joint performance by both defendants (see *Alexander v Wheeler*, 64 AD2d 837). Defendant George Fina, however, continued to assert his willingness to convey his one-half interest in exchange for the entire purchase price. Plaintiff cross-moved for partial summary judgment against George Fina, requesting that Special Term direct him to convey his one-half interest for one half of the full purchase price; plaintiff further requested that defendant Charles Fina's obligation to convey title be determined at a trial on the merits. Defendants opposed the cross motion, and argued that, as to plaintiff's claim against Charles Fina, no written contract signed either by him or his agent existed, and that an oral promise to convey land is unenforceable under the Statute of Frauds (General Obligations Law, § 5-703, subd 2). Special Term was correct in granting plaintiff partial summary judgment against defendant George Fina, as equity can compel the owner of an undivided one-half interest in real property to convey that interest, even where an action for specific performance would not lie against the owner of the other undivided half interest (see *Warren v Hoch,* 276 App Div 607). However, Special Term erred in failing to grant summary judgment against plaintiff and in favor of defendant Charles Fina. Subdivision 2 of section 5-703 of the General Obligations Law provides that: "A contract * * * for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is

in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized in writing." There is no question that defendant Charles Fina did not sign the August 4, 1980 contract of sale, and no issue of fact was raised as to his brother George's authority to sign on his behalf. Plaintiff seeks to compel Charles Fina to convey his interest in the property based solely upon an alleged oral agreement. Plaintiff relies upon *Tymon v Linoki* (16 NY2d 293), but that case is clearly distinguishable. In *Tymon* (*supra*), the defendant seller sent to the plaintiff a written offer to sell land, which contained all the necessary elements of a contract. The plaintiff thereafter accepted the offer orally, and was permitted to enforce the defendant's own writing against him. No such writing containing the elements of a contract and signed by the party to be charged is sought to be enforced here. Rather, plaintiff and defendant Charles Fina conducted oral negotiations and allegedly reached an oral agreement only. It is axiomatic that an oral agreement for the sale of land cannot be enforced under the Statute of Frauds (*Jonestown Place Corp. v 153 West 33rd St. Corp.*, 53 NY2d 847, 849). Here, there was no partial performance so unequivocally referable to the alleged oral contract as would take the agreement out of the Statute of Frauds and render it enforceable. Summary judgment in favor of defendant Charles Fina should, therefore, have been granted. Mollen, P. J., Thompson, Rubin and Boyers, JJ., concur.