■ 145 EAST MERRICK ROAD CORP., Appellant, v SANGCO REALTY CORP., Respondent.—In an action for specific performance of a purchase option contained in a lease, plaintiff tenant appeals from (1) a judgment of the Supreme Court, Nassau County (Kutner, J.), entered May 9, 1984, which, *inter alia,* directed it to vacate the premises in question, (2) an order of the same court, entered October 9, 1984, which denied its motion to renew, and (3) a judgment of the same court, entered October 17, 1984, which again directed plaintiff to vacate the subject premises.

Appeal from the order entered October 9, 1984 dismissed *(see, Matter of Aho,* 39 NY2d 241, 248).

Judgment entered May 9, 1984 affirmed, and matter remitted to the Supreme Court, Nassau County, for entry of a money judgment in accordance with paragraph (e) thereof.

Judgment entered October 17, 1984 affirmed, and plaintiff is directed to vacate the premises forthwith in compliance therewith.

The stay granted by this court in an order entered October 17, 1984 is hereby vacated.

Defendant is awarded one bill of costs.

On these appeals plaintiff argues that, as a matter of equity, its failure to proceed to close on February 21, 1984, as directed by Trial Term, should be excused because of a misrepresentation of plaintiff's former attorney to plaintiff's principal that the title had already been transferred. Under the facts of this case plaintiff's default was inexcusable and it was a proper exercise of discretion on the part of Trial Term to refuse plaintiff's requests for a further extension of the closing date.

On September 10, 1979 plaintiff entered into a five-year lease for premises comprising part of a commercial building owned by defendant. Pursuant to the lease, plaintiff agreed to pay an annual rental of $52,000 for each of the first three years, $62,400 for the fourth year, and $65,000 for the fifth year. A lease provision granted plaintiff an option to purchase the premises for $475,000. Plaintiff thereafter used a portion of the leased premises for its own business and sublet the remainder.

On October 19, 1982 plaintiff notified defendant that it was exercising its option to purchase the premises. Defendant accepted the exercise of the option, but disagreed with plain-

tiff as to the premises covered by such option. Plaintiff then commenced the instant action for specific performance, asserting that the option to purchase granted to it extended to that portion of the premises which defendant had occupied during the duration of the lease. After a nonjury trial, plaintiff was granted specific performance of the option, but the court determined that the lease, by its terms, clearly and unequivocally limited the option to purchase to that portion of the premises leased to plaintiff. The court further determined that, upon the exercise of the option by plaintiff, the landlord-tenant relationship and, therefore, plaintiff's obligation to pay rent, had terminated. Plaintiff was further directed to tender payment for the purchase of the premises within 60 days from the date of the decision (Aug. 12, 1983).

Defendant moved for reargument and, by order dated October 13, 1983, the court amended its decision to provide that the purchase price should include interest from the date of the exercise of the option to the closing date, and that plaintiff should vacate the premises if payment was not timely tendered. The order further extended the date for closing of title to 60 days from the date thereof. Judgment was entered on the action for specific performance on November 3, 1983.

On December 12, 1983, the date set for closing, the parties stipulated to a one-week adjournment, until December 19, 1983; on the latter date plaintiff did not appear. However, the default in closing declared by the defendant on December 19 was effectively vitiated by a further order, dated December 21, 1983, which granted a motion made by plaintiff to reargue the October 13, 1983 order and, upon reargument, provided for allowance of certain credits towards the closing price and for an additional 60 days within which to tender payment of the purchase price.

Plaintiff failed to appear at a closing scheduled for February 21, 1984, and defendant then moved, by order to show cause dated March 1, 1984, for an order restraining plaintiff from collecting any rents from subtenants occupying the premises and directing the subtenants to pay any such rents to defendant or to the court. By notice of cross motion dated March 12, 1984, plaintiff moved to vacate or amend the judgment of November 3, 1983 and for an additional extension of time within which to close. This cross motion was denied and, by judgment entered May 9, 1984, plaintiff was directed to vacate the premises. By notice of motion dated May 29, 1984, denominated a motion to renew, plaintiff sought to amend the November 3, 1983 judgment so as to allow additional time within

which to tender the purchase price. This motion was denied, by order entered October 9, 1984, and, by judgment entered October 17, 1984, plaintiff was ordered to forthwith vacate and deliver possession of the subject premises to defendant.

Plaintiff's action for specific performance, which was granted to the extent that the premises to be purchased was determined to be that encompassed by the premises occupied by the tenant under the lease, and the various postjudgment motions, in effect extended the closing date more than 16 months beyond the date on which plaintiff exercised its option. During this intervening period plaintiff occupied the premises rent free, while continuing to collect substantial sums of rent from subtenants. There was no demonstration by plaintiff of firm financial commitments which would have shown that plaintiff was ready and able to purchase the premises on February 21, 1984, the final date for closing set by the court in its order dated December 21, 1983, and indeed, the record clearly shows that plaintiff was not ready, willing or able to close on that date. Trial Term was therefore correct in refusing to exercise its discretion to further extend the time within which to allow plaintiff to close title. We note the significant financial benefit plaintiff would surely derive from the postponement. This failure to close was not the result of the misrepresentations made by plaintiff's attorney and does not warrant that we exercise equitable jurisdiction to excuse plaintiff's default. Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.