■ Anchar Realty Co., Respondent, v Prince Apartments, Inc., et al., Appellants.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated September 18, 1985, as, in effect, upon granting their motion to reargue a prior motion to dismiss the plaintiff's complaint for failure to state a cause of action which had been denied in a prior order of the same court, dated April 16, 1985, adhered to the original determination.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint sufficiently alleges that the written agreement established the intent of the parties to contract for the sale of real property, such that specific performance may be

had (see, Brause v Goldman, 10 AD2d 328, 332, affd 9 NY2d 620). Furthermore, Special Term properly found that the agreement, containing all of the essential elements of the transaction, was sufficient to overcome the Statute of Frauds (see, McLean v Kessler, 103 Misc 2d 553; cf., Rodman v Aivagedis, 123 AD2d 429; Read v Henzel, 67 AD2d 186). That the agreement made no reference to a mortgage does not mandate a contrary result (see, Lashway v Sorell, 51 AD2d 97, 98, appeal dismissed 39 NY2d 799). Finally, the plaintiff's cause of action to recover damages for fraud as against the defendant Frances Dragan was sufficiently pleaded so as to withstand a motion to dismiss (see, Lanzi v Brooks, 54 AD2d 1057, affd 43 NY2d 778). Lawrence, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.