■ JOSEPH HEALY, Respondent, v EDWARD GUMIENNY, Appellant, et al., Defendants.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the appeal is from an order of the Supreme Court, Dutchess County (Beisner, J.), entered November 25, 1987, which denied the appellant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The parties entered into an "Offer of Purchase" agreement on September 26, 1986. The agreement spelled out the essential and material terms for a sale of real property, such as the description of the property, the amount of the purchase price, the purchase-money mortgage, the interest and periods of payment, the release clauses, the place and date of closing, the down payment, and the installment payments. The agreement was to "remain in effect and force unless superseded by further contract between the parties incorporating detailed description." In words typewritten above the signatures, the agreement provided that it was "subject to formal contract." Although the agreement gave the name and address of the respondent as the purchaser of the property, the respondent signed as "Joseph Healy, President".

The appellant thereafter prepared a formal contract in which many of the essential details in the "Offer of Purchase" were changed. The parties failed to reach an agreement on these terms and the appellant backed out of the agreement. The respondent commenced this action, *inter alia,* for specific performance. The appellant moved for summary judgment contending, *inter alia,* that the "Offer of Purchase" of September 26, 1986, was not intended by the parties to be a binding

contract and hence, was incapable of specific enforcement as a matter of law. The Supreme Court denied the appellant's motion. We find that the denial of the motion was proper.

"A memorandum of sale is no less a contract because the parties contemplated the execution of a more formal instrument * * * Whether the parties to an informal agreement become bound prior to the drafting and execution of a contemplated formal writing is basically a question of their intent to become or not to become bound" (McLean v Kessler, 103 Misc 2d 553, 555). "[W]hen all the essential terms and conditions of an agreement have been set forth in informal written memoranda and all that remains is their translation into a more formal document, such an agreement will be capable of specific performance * * * In such a case, there has been a full manifestation of mutual assent, and a complete meeting of the minds has been reached. All that remains is an integration of the agreement already made into another context which, unless otherwise specified, is not essential to evidence a consummated understanding" (Brause v Goldman, 10 AD2d 328, 332, affd 9 NY2d 620; see also, Anchar Realty Co. v Prince Apts., 127 AD2d 721). In the instant case, the "Offer of Purchase" recites all the essential and material terms of the contract. The only outstanding question is whether the appellant agreed to sell the property to the respondent as an individual, as the appellant contends, or whether the sale was to be effected to Model Realty Corporation, since the respondent signed as its president. Contrary to the appellant's contentions, the subsequent exchange of letters between the parties creates a question of fact whether it was an effort to reach a compromise in order to avoid litigation, as the plaintiff contends. Since that intent cannot be gleaned from the four corners of the instrument, the Supreme Court properly denied the appellant's motion for summary judgment (see, Financial & Real Estate Consulting Co. v State of New York, 63 AD2d 802; Musman v Modern Deb, 56 AD2d 752). Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.