■ SHUI CHING CHAN, Appellant, v BAY RIDGE PARK HILL REALTY COMPANY et al., Defendants, and AMIL SHABAN, Respondent. [623 NYS2d 896] —In an action, *inter alia,* to recover damages for breach of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 13, 1992, which granted the motion of the respondent Amil Shaban for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff paid a $100 deposit and signed a "purchase agreement" in which she agreed to purchase a property in Brooklyn for $65,000 and to pay a deposit of $6,500 "on the signing of the formal contract". The agreement was prepared on a form by the plaintiff's real estate agent, who then delivered it to the real estate agent for the respondent Amil Shaban for his approval. Although the property was jointly owned by the respondent and his brother Jack Shaban, only the respondent signed the agreement as "owner". The respondent and his brother did not sell the property to the plaintiff for reasons which are in dispute. The plaintiff claimed that the sale did not go forward because the respondent demanded a cash payment of $9,000 "under the table". The respondent contended that the plaintiff failed to provide a formal contract by the date specified in the agreement, and, in any event, his brother refused to sell the property. Jack Shaban stated in a

deposition that he was in Israel when the agreement was signed, and he refused to agree to the sale because he wanted the property for his own residence.

The plaintiff's real estate agent returned her $100 deposit, and she commenced this action to recover damages for breach of contract and fraud. The complaint was dismissed as to both real estate agencies involved in the transaction, and summary judgment was granted to Jack Shaban on the ground that he did not sign the agreement. The court subsequently granted the respondent's separate motion for summary judgment, and the plaintiff appealed.

The plaintiff sought to recover damages for breach of contract based on the claim that the "purchase agreement" was enforceable as to both brothers' interest in the property. The court properly determined that the agreement was void under the Statute of Frauds as the respondent's brother, who was a "party to be charged", did not sign the agreement, and the plaintiff failed to offer any proof that the respondent was authorized in writing to act as his brother's agent in this matter (see, General Obligations Law § 5-703 [2]; DeMartin v Farina, 205 AD2d 659; Conway v Maher, 185 AD2d 570; Fortes v Estate of Magoon, 160 AD2d 756; Diocese of Buffalo v McCarthy, 91 AD2d 213).

Our dissenting colleague suggests that the respondent may be held liable for damages, even in the absence of Jack Shaban's signature, on the theory that he entered into a binding agreement with the plaintiff. However, the plaintiff sought to recover damages based on the value of the entire property and rejected the notion that the agreement applied only to the respondent's interest in the property (cf., Conway v Maher, supra; Bee Jay Indus. Corp. v Fina, 98 AD2d 738, affd 62 NY2d 851). We conclude, as a matter of law, that the parties did not enter into a binding agreement for the sale of the property (cf., Coppola v Fredstrom, 45 AD2d 857 [action for damages could be maintained against the wife where she signed her husband's name without his authorization to a binder agreement purporting to convey the entire property which they owned as tenants by the entirety]).

The "purchase agreement", which was drafted by the plaintiff's real estate agent, indicated that the parties intended to sign a formal contract for the purchase of the entire property upon the plaintiff's payment of $6,500. The plaintiff did not refute the deposition testimony of her real estate agent that she was advised to obtain an attorney to prepare a formal

contract. In addition, the agreement lacked essential terms as it did not provide any details with respect to the status of the two apartments and a store located on the premises. Under all the circumstances, we conclude that the "purchase agreement" was not a contract binding upon the respondent *(see generally, Willmott v Giarraputo,* 5 NY2d 250; *see also, O'Brien v West,* 199 AD2d 369; *Donner v Septimus,* 137 AD2d 484).* Consequently, the plaintiff cannot recover damages for its breach.

We further find that the plaintiff's cause of action sounding in fraud was properly dismissed as she failed to offer any proof that the respondent made any misrepresentations to her with respect to his status as a joint owner of the property or as an agent of his brother. Moreover, since the ownership of the property was a matter of public record, the information was not peculiarly in the respondent's knowledge and could have been ascertained by the plaintiff in the exercise of ordinary intelligence *(see, Danann Realty Corp. v Harris,* 5 NY2d 317).* Accordingly, even if the alleged misrepresentations were made, the plaintiff failed to establish that she justifiably relied on them, and a cause of action for fraud will not lie *(see, e.g., Sirota v Langtry,* 204 AD2d 1009; *Zeid v Kaldawi,* 147 AD2d 636).* Balletta, J. P., O'Brien and Florio, JJ., concur.

Copertino, J., concurs in part and dissents in part, and votes to modify the order by vacating the provision thereof which dismissed the cause of action to recover damages for breach of contract insofar as it is asserted against Amil Shaban.

The majority has concluded that the respondent, Amil Shaban, is entitled to summary judgment dismissing the complaint insofar as it is asserted against him. Because I conclude that the respondent can be held liable for breach of contract, I dissent to the extent of voting to vacate so much of the order of the Supreme Court as dismissed that cause of action against Amil.

Viewed in the light most favorable to the plaintiff, the evidence can be summarized as follows. In March of 1984, Fred Tsang, an employee of the defendant Bay Ridge Park Hill Realty Company (hereinafter Bay Ridge), showed the plaintiff a piece of property which was listed with a multiple listing service. The property, which is located in Brooklyn, consists of a ground level storefront with two apartments on the second floor. After viewing the property, the plaintiff signed a purchase agreement and gave Tsang a $100 cash deposit. Tsang signed the purchase agreement on behalf of

Bay Ridge and delivered it to the defendant Ted Demetriou, the agent for the owner, who told Tsang that he would have the owner sign the agreement. After signing the agreement as "owner", the respondent told the plaintiff that he would not sell the property unless she gave him an additional $9,000 in cash. The plaintiff refused, and the respondent refused to go through with the sale.

It is undisputed that in 1984, the property was owned by the respondent and his brother, the defendant Jack Shaban. The plaintiff commenced this action against both owners and both real estate agencies. As to the respondent, the plaintiff sought damages for breach of contract and fraud. Prior to the subject motion, summary judgment dismissing the complaint was granted as to Bay Ridge and Demetriou. The action was also dismissed as against Jack Shaban on the ground, *inter alia,* that he had never signed the purchase agreement.

The Supreme Court granted the respondent's motion for summary judgment dismissing the complaint insofar as it was asserted against him, finding that the absence of Jack Shaban's signature on the purchase agreement rendered the agreement unenforceable under the Statute of Frauds *(see,* General Obligations Law § 5-703). The court further concluded that the respondent's signature did not bind Jack Shaban because any agency agreement between the two was not in writing *(see,* General Obligations Law § 5-1111). The court also found no evidence to support the plaintiff's claim that the respondent misrepresented that he was authorized to sign the agreement on Jack Shaban's behalf.

The only issue on this appeal is the propriety of the Supreme Court's order granting summary judgment dismissing the action as against the respondent. The majority of this Court now affirms, essentially agreeing with the reasoning and conclusions of the Supreme Court.

A contract for the sale of real property is void under the law of this State unless "the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged" (General Obligations Law § 5-703 [2]). A binder agreement may be enforceable, even if the parties contemplated the execution of a more formal contract, as long as the agreement identifies the parties, describes the subject property, recites the essential terms of the agreement, and is signed by the party (or parties) to be charged *(see, O'Brien v West,* 199 AD2d 369; *Healy v Gumienny,* 142 AD2d 629). Whether the parties become bound prior

to the execution of the contemplated formal writing is a question of whether they intended to become so bound *(see, Healy v Gumienny, supra,* at 630).

The purchase agreement in this case accurately described the property, and stated that the purchase price was $65,000, with a $6,500 deposit to be paid upon the signing of a formal contract on March 28, 1984. The agreement was subject to the plaintiff's ability to obtain a 10-year first mortgage in the amount of $26,000 at an interest rate of 12%, and subject to the rights of the tenants "AS PER MULTIPLE LISTING #6374—POSSESSION OF STORE ON TITLE".

The Supreme Court concluded, and the majority of this Court agrees, that the purchase agreement cannot be enforced as against the respondent because it lacks the signature of Jack Shaban. It has been held, however, that where a co-owner of real property enters into a binding agreement to sell the property, the signing co-owner can be held liable for damages, regardless of whether the remaining owner(s) sign the agreement *(see, Coppola v Fredstrom,* 45 AD2d 857; *Fiore v Amoruso,* 10 AD2d 637, *affd* 9 NY2d 936; *see also, Bee Jay Indus. Corp. v Fina,* 98 AD2d 738, *affd* 62 NY2d 851). Whether the plaintiff may recover the loss of the bargain depends upon whether the signing owner acted in bad faith *(see, Coppola v Fredstrom, supra).*

I would therefore conclude that the absence of Jack Shaban's signature from the purchase agreement does not render the agreement unenforceable as against the respondent. As to the remaining aspects of the agreement, the essential terms were stated with sufficient specificity to render the writing enforceable *(see, Jill Real Estate v Smyles,* 150 AD2d 640).

The respondent contends that he signed the purchase agreement in good faith, without misrepresenting to the plaintiff that he was the sole owner of the property or demanding an increase in the sale price, and that he backed out of the sale when the plaintiff waited too long (approximately three weeks) before taking steps to formalize the contract. The plaintiff asserts that the respondent held himself out as the sole owner and demanded more money after signing the purchase agreement. These conflicting allegations present issues of fact which preclude the granting of summary judgment.

Based on the foregoing, I dissent in part and vote to modify the order appealed from by vacating the provision thereof which dismissed the plaintiff's cause of action against the respondent for breach of contract, and substituting therefor a

provision denying the respondent's motion for summary judgment to that extent.