■ SARAH BOWLING, Appellant, v VITALIS PEDZIK, Respondent. [754 NYS2d 653] —In an action, inter alia, to compel specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 6, 2002, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered March 6, 2002, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see e.g., Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In April 2001 the plaintiff visited a real estate broker and offered to purchase certain real property owned by the defendant. After conversing with the defendant, the broker prepared a "memorandum of sale" and "commission agreement" pertaining to the proposed transaction. Upon receiving the commission agreement executed by the defendant, the broker signed the memorandum of sale as the "selling agent." Only the memorandum of sale contained the necessary information for a valid real estate contract (*see Ramos v Lido Home Sales Corp.,* 148 AD2d 598). The defendant ultimately refused to proceed with the sale.

The plaintiff then commenced this action, inter alia, to compel specific performance of the purported contract. Thereafter the Supreme Court granted the defendant's motion for summary judgment. On appeal the plaintiff argues, inter alia, that the memorandum of sale was an enforceable contract since it contained all material terms relating to the sale of the property and was signed by the broker, who was an agent of the defendant.

The Supreme Court properly dismissed the complaint and cancelled the notice of pendency. It is well settled that a contract for the sale of real property "is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing" (General Obligations Law § 5-703 [2]). Although the written authorization required to establish the authority of the agent "need not be in any special form; * * * it must contain a sufficient expression of an intent to confer authority, and it must confer authority to execute the very contract which the agent undertakes to execute. The writing must contain express language conferring authority to execute a contract of sale" (*Commission on Ecumenical Mission & Relations of United Presbyt. Church in U.S. of Am. v Roger Gray, Ltd.,* 27 NY2d 457, 465 [internal quotation marks omitted]; *see Weston Assoc. v Niagara Props.,* 130 AD2d 964; *Diocese of Buffalo v McCarthy,* 91 AD2d 213). Here, the commission agreement signed by the defendant did not expressly authorize the broker to sell the property. Therefore, the memorandum of sale, which was signed only by the broker, is not enforceable against the defendant (*see Cippitelli Bros. Towing & Collision v Rosenfeld,* 171 AD2d 637; *Coppola v Fred-*

*strom,* 45 AD2d 857; *see also Shui Ching Chan v Bay Ridge Park Hill Realty Co.,* 213 AD2d 467).

The plaintiff's remaining contentions are without merit. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.