■ HENRY STOJOWSKI, Appellant, v PETER D'SA et al., Respondents. [813 NYS2d 753]—

In an action, inter alia, for specific performance of an option to purchase real property and to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), entered April 15, 2004, which, after a nonjury trial upon stipulated facts, among other things, dismissed the complaint and is in favor of the defendants and against him in the principal sum of $48,300 representing rent, use, and occupancy of the subject premises.

Ordered that the judgment is affirmed, with costs.

"While an appellate court's authority in reviewing a nonjury determination is as broad as that of the trial court, due deference is given to the trial court's determination" (*International Baptist Church, Inc. v Fortini*, 20 AD3d 507, 508 [2005]; *see Manzo v Gross*, 19 AD3d 379 [2005], *lv denied* 5 NY3d 714 [2005]).

The evidence established that the plaintiff was not ready, willing, and able to satisfy his obligations under the purchase option contained in the lease of the subject premises, which bars recovery under theories of both specific performance (*see Johnson v Phelan*, 281 AD2d 394, 395 [2001]; *Handy v Manganelli*, 181 AD2d 658 [1992]; *3M Holding Corp. v Wagner*, 166 AD2d 580, 581 [1990]; *L.I.C. Commercial Corp. v Zirinsky*, 142 AD2d 713, 715-716 [1988]; *Jewell v Rowe*, 119 AD2d 634, 635 [1986]; *145 E. Merrick Rd. Corp. v Sangco Realty Corp.*, 113 AD2d 746, 748 [1985]) and breach of contract (*see Lower v Village of Watkins Glen*, 17 AD3d 829, 831 [2005]; *Buoninfante v Legacy Dev. USA Corp.*, 306 AD2d 511 [2003]; *cf. Clifton Country Rd. Assoc. v Vinciguerra*, 252 AD2d 792 [1998]). Accordingly, the Supreme Court properly dismissed the complaint (*see Buoninfante v Legacy Dev. USA Corp., supra* at 511; *Handy v Manganelli, supra* at 658; *3M Holding Corp. v Wagner, supra* at 581).

In any event, the option agreement was unenforceable. The

premises was owned by the married defendants as tenants by the entirety, but the option was executed only by the plaintiff and the defendant Peter D'Sa. The absence of the signature of Lysia D'Sa on the agreement rendered it unenforceable in the absence of evidence that the non-signing spouse had complete knowledge of and actively participated in the transaction (*see Pescatore v Manniello*, 19 AD3d 571, 572-573 [2005]; *Jill Real Estate v Smyles*, 150 AD2d 640, 642 [1989]), that she ratified the purchase option after the fact (*see Holm v C.M.P. Sheet Metal*, 89 AD2d 229, 232 [1982]; *30 Carmine LLC v Depierro*, 7 Misc 3d 836, 846 [2005]), or that the absence of her signature was a product of fraud or misrepresentation (*see generally Danann Realty Corp. v Harris*, 5 NY2d 317, 322-323 [1959]; *Shui Ching Chan v Bay Ridge Park Hill Realty Co.*, 213 AD2d 467, 469 [1995]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.