■ SJSJ Southold Realty, LLC, Respondent, v Elizabeth Fraser et al., Appellants. [822 NYS2d 641]—

In an action for specific performance of a contract for the sale of real property and for related relief, the defendants appeal from an order of the Supreme Court, Suffolk County (Tannenbaum, J.), dated December 19, 2005, which granted the plaintiff's motion for summary judgment on the cause of action against the defendant Michael Adamowicz to compel him to transfer his interest in the subject property to the plaintiff.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

In March 2004 the plaintiff entered into a contract to purchase a parcel of real property from the defendants, Elizabeth Fraser, as executrix of the estate of Mary Adamowicz, deceased, and Michael Adamowicz, the son of the deceased. The defendants were jointly referred to in the contract as the "Seller," who held the property as "tenants in common."

After the estate failed to obtain a release of a lien imposed on the subject property by the Internal Revenue Service for estate taxes, the plaintiff proposed that the defendants deposit one half the net proceeds of the sale into escrow with the plaintiff's

title company pending the delivery of a release of the lien. When the defendants did not consent to those terms, the plaintiff commenced the instant action, inter alia, for specific performance of the contract against both the estate and Michael Adamowicz and demanded as alternative relief that "if Defendant Elizabeth Fraser, as Executrix of the Estate of Mary Adamowicz, Deceased, cannot transfer good title, that Defendant Michael Adamowicz be required, to convey his interest in the premises to the Plaintiff, free and clear of all encumbrances except as provided in the Agreement."

The plaintiff moved for summary judgment on the cause of action against the defendant Michael Adamowicz to compel him to transfer his interest in the property. The Supreme Court granted the motion. We reverse and deny the motion.

A tenant in common may separately enter into a contract to convey his or her interest in real property and "equity can compel the owner of an undivided one-half interest in real property to convey that interest, even where an action for specific performance would not lie against the owner of the other undivided one-half interest" on the ground that the owner of the other undivided one-half interest is not a party to the contract and not bound by its terms (*Bee Jay Indus. Corp. v Fina*, 98 AD2d 738 [1983], *affd* 62 NY2d 851 [1984]; *see Warren v Hoch*, 276 App Div 607 [1950]). However, in the instant case, Michael Adamowicz did not enter into the contract separately. He and the estate are both parties to the contract and are both parties to this action for specific performance.

Pursuant to the doctrine of partial specific performance, "a willing vendee has the right to receive whatever title the vendor can convey, along with a court awarded compensation against the purchase 'for any deficiency in title, quantity of land, or other matters touching the estate, the value of which are capable of being ascertained and thus compensated without doing injustice to either party'" (*Tymon v Linoki*, 16 NY2d 293, 301 [1965], quoting *Bostwick v Beach*, 103 NY 414, 422 [1886]). The plaintiff failed to establish that there was no triable issue of fact as to whether the sale of Michael Adamowicz's undivided one-half interest may proceed without doing an injustice to the defendants. Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.