■ EDWIN J. MULONET, JR., et al., Appellants-Respondents, v EXXONMOBIL OIL CORPORATION, Formerly Known as MOBIL OIL CORPORATION, Respondent-Appellant. [916 NYS2d 608]—

In an action, inter alia, for a judgment declaring the parties' rights and obligations under a commercial lease, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated September 9, 2009, as denied that branch of their motion which was for summary judgment declaring that an option to purchase certain premises contained in a lease dated August 13, 1973, had expired and that a lease modification agreement dated May 20, 2004, was null and void, and granted the defendant's cross motion for summary judgment, in effect, declaring that the defendant validly exercised the option to purchase the premises contained in the lease dated August 13, 1973, (2) from a judgment of the same court entered September 17, 2009, which, upon the order dated September 9, 2009, is in favor of the defendant and against them, in effect, declaring that the defendant validly exercised the option to purchase the premises contained in the lease dated August 13, 1973, and (3), as limited by their notice of appeal and brief, from so much of an order of the same court dated January 27, 2010, as, upon reargument, in effect, adhered to so much of the order dated September 9, 2009, as denied that branch of their motion which was for summary judgment declaring that the option to purchase contained in a lease dated August 13, 1973, had expired and that the lease modification agreement dated May 20, 2004, was null and void, and the defendant cross-appeals, as limited by its brief, from so much of the order dated January 27, 2010, as granted that branch of the plaintiffs' motion which was for leave to reargue their motion for summary judgment, upon reargument, vacated so much of the order dated September 9, 2009, as granted its cross motion for summary judgment, in effect, declaring that it validly exercised the option to purchase contained in a lease dated August 13, 1973, and thereupon denied its cross motion, and, in effect, vacated the judgment.

Ordered that the appeal from the order dated September 9, 2009, is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order January 27, 2010, made upon reargument; and it is further,

Ordered that the order dated January 27, 2010, is reversed insofar as appealed from, that branch of the plaintiffs' motion which was for summary judgment declaring that the option to purchase certain premises contained in the lease dated August 13, 1973, had expired and that the lease modification agreement dated May 20, 2004, was null and void is granted, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the option to purchase certain premises contained in the lease dated August 13, 1973, had expired and that the lease modification agreement dated May 20, 2004, was null and void; and it is further,

Ordered that the order dated January 27, 2010, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order dated September 9, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order dated September 9, 2009, are brought up for review and have been considered on the appeal from the order dated January 27, 2010 (*see* CPLR 5501 [a] [1]).

The parties' predecessors entered into a commercial lease agreement on August 13, 1973 (hereinafter the 1973 lease) for a parcel of real property utilized as a gas station. The 1973 lease granted the tenant an exclusive option to purchase the property for the sum of $300,000. This purchase option was "exercisable at any time during any term of [the] lease or any renewal or extension thereof." The 1973 lease also provided the tenant with three five-year options to renew the term of the lease for a total of 15 additional years.

After the initial 15-year term, the tenant invoked its three renewal options under the 1973 lease and the final renewal period was set to expire on July 31, 2004. However, before the third lease renewal expired, a "lease modification agreement" was entered into on May 20, 2004. The lease modification agreement purported to grant the defendant another five-year term to lease the property and an option to purchase the property on the same terms as provided in the 1973 lease. The term of the lease modification agreement was set to expire on July 31, 2009. In a letter dated January 12, 2009, the defendant purportedly exercised its right to purchase the property for the sum of $300,000.

The plaintiffs commenced this action, inter alia, for a judgment declaring that the purchase option contained in the 1973 lease had expired and that the lease modification agreement was null and void. The defendant asserted counterclaims alleging breach of contract and for injunctive relief.

The plaintiffs moved, among other things, for summary judgment, and the defendant cross-moved for summary judgment. In an order dated September 9, 2009, the Supreme Court denied that branch of the plaintiffs' motion which was for summary judgment declaring that the purchase option in the 1973 lease had expired and that the lease modification agreement was null and void, and granted the defendant's cross motion for summary judgment, in effect, declaring that it validly exercised the purchase option. The court concluded that even if the lease modification agreement was invalid, the defendant properly exercised the purchase option pursuant to a holdover provision contained in the 1973 lease.

The plaintiffs thereafter moved, inter alia, for leave to reargue their motion for summary judgment. In support of this motion, the plaintiffs raised, for the first time, the contention that the purchase option contained in the 1973 lease violated the rule against perpetuities. The Supreme Court, among other things, granted leave to reargue and, upon reargument, vacated so much of its order dated September 9, 2009, as granted the defendant's cross motion for summary judgment, and thereupon denied the defendant's cross motion. The Supreme Court also, in effect, adhered to so much of the order dated September 9, 2009, as denied that branch of the plaintiffs' motion which was for summary judgment declaring that the option to purchase in the 1973 lease had expired and that the lease modification agreement was null and void.

Under the circumstances present here, the Supreme Court did not improvidently exercise its discretion in granting the plaintiffs leave to reargue (*see Matter of United States of Mexico v Schmuck*, 293 NY 768 [1944]; *Manocherian v Lenox Hill Hosp.*, 229 AD2d 197, 202-203 [1997]; *see also Barnes v Oceanus Nav. Corp., Ltd.*, 21 AD3d 975, 977 [2005]; *Matter of 200 Cent. Ave., LLC v Board of Assessors*, 56 AD3d 679, 680 [2008]). Moreover, contrary to the defendant's contention, the holdover provision contained in the 1973 lease did not allow the defendant to exercise the option to purchase the property after the expiration of the final renewal period enumerated in the lease (*see Gulf Oil Corp. v Buram Realty Co.*, 11 NY2d 223, 227 [1962]; *V.A.T. Collision Corp. v 1783 84th St. Realty Corp.*, 87 AD2d 839 [1982]; *Matter of Lazarus v Flournoy*, 28 AD2d 685 [1967];

*Friederang v Aldo Co., Inc.*, 199 App Div 127, 129 [1921]; *cf. Masset v Ruh*, 235 NY 462, 464 [1923]; *Bleecker St. Tenants Corp. v Bleeker Jones LLC*, 65 AD3d 240, 243 [2009], *lv granted* 14 NY3d 703 [2010]).

Additionally, the defendant could not validly exercise the purchase option contained in the lease modification agreement. The plaintiffs demonstrated, prima facie, that the lease modification agreement failed to satisfy the statute of frauds because it was not signed by one of the owners of the property (*see* General Obligations Law § 5-703 [2]; *Shui Ching Chan v Bay Ridge Park Hill Realty Co.*, 213 AD2d 467, 468 [1995]; *see also Lelekakis v Kamamis*, 41 AD3d 662, 664 [2007]; *Stojowski v D'Sa*, 28 AD3d 645, 645-646 [2006]; *Coppola v Fredstrom*, 45 AD2d 857 [1974]). In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiffs should be estopped from challenging the validity of the lease modification agreement (*see Shui Ching Chan v Bay Ridge Park Hill Realty Co.*, 213 AD2d 467, 468 [1995]; *see also Stojowski v D'Sa*, 28 AD3d 645, 645-646 [2006]; *Crispino v Greenpoint Mtge. Corp.*, 304 AD2d 608, 609 [2003]; *cf. Caledonia Constr. Corp. v Dastgir*, 13 AD3d 570, 571 [2004]).

The parties' remaining contentions are either academic in light of our determination or without merit.

Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment declaring that the option to purchase certain premises contained in the lease dated August 13, 1973, had expired and that the lease modification agreement dated May 20, 2004, was null and void. Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the option to purchase certain premises contained in the lease dated August 13, 1973, had expired and that the lease modification agreement dated May 20, 2004, was null and void (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.