Tuminno v Waite (2019 NY Slip Op 04611)





Tuminno v Waite


2019 NY Slip Op 04611


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


1307 CA 18-00120

[*1]CATHY TUMINNO, PLAINTIFF-RESPONDENT,
v
MARJORIE WAITE, DEFENDANT-RESPONDENT, JAMES FLAGELLA, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






JAMES FLAGELLA, DEFENDANT-APPELLANT PRO SE.
GROSS SHUMAN P.C., BUFFALO (LESLIE MARK GREENBAUM OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered April 18, 2017. The order, inter alia, granted the motion of plaintiff to confirm in part and reject in part the Referee's report of sale. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action for, inter alia, the partition and sale of real property, defendant James Flagella appeals from an order that granted plaintiff's motion to, among other things, confirm the Referee's report of sale (report) insofar as it directs that the property be sold to defendant Marjorie Waite and reject the report insofar as it concludes that the sale of the property triggered a right of first refusal in favor of Flagella. We affirm.
Plaintiff and Waite were tenants in common of property they acquired by an executor's deed pursuant to the settlement of their mother's estate. In settling that estate, plaintiff, Waite, and the other named defendants signed a settlement agreement providing that plaintiff and Waite "agree to grant to [each of the other named defendants] the option to purchase the . . . property, in the event that [plaintiff and Waite], either jointly or severally, determine to sell, assign or transfer the . . . property to someone other than each other."
On a prior appeal, we vacated an order directing a sale of the property in the event that Flagella and the remaining defendants did not exercise their "option to purchase," concluding that the "option" provided in the settlement agreement was in fact a right of first refusal that was not triggered by plaintiff's commencement of this action (Tuminno v Waite, 110 AD3d 1456, 1457 [4th Dept 2013]). We therefore remitted the matter to Supreme Court for further proceedings related to plaintiff's action.
On remittal, the court appointed a Referee, who recommended that the property be sold at public auction, and the court adopted that recommendation. Approximately one week before the auction was scheduled to take place, Waite purportedly entered into an agreement to sell the subject property to a third party (third-party agreement). Plaintiff was not a signatory to that agreement and did not consent to the sale. Thereafter, the third-party agreement was apparently abandoned, and the auction proceeded as scheduled.
Waite was the highest bidder at the auction. The Referee, however, determined in his report that the auction triggered the right of first refusal, which Flagella and another defendant [*2]sought to exercise. As noted, plaintiff moved, inter alia, to reject the report to that extent. The court granted plaintiff's motion, rejected the Referee's report with respect to the right of first refusal on the ground that neither the auction nor the third-party agreement triggered that right, and confirmed Waite's purchase of the property.
We reject Flagella's contention that the auction triggered his right of first refusal. By the terms of the settlement agreement, the right of first refusal is triggered by a determination of plaintiff and Waite to sell the property "to someone other than each other." Because Waite, not a third party, purchased the property at the auction, the auction did not trigger Flagella's right of first refusal.
We reject Flagella's further contention that the third-party agreement triggered his right of first refusal to purchase the entire property interest. Plaintiff was not a party to that agreement, and therefore it is void insofar as it purports to convey the entire property interest (see Bee Jay Indus. Corp. v Fina, 98 AD2d 738, 738-739 [2d Dept 1983], affd 62 NY2d 851 [1984]; SJSJ Southold Realty, LLC v Fraser, 33 AD3d 784, 785 [2d Dept 2006]). Because the third-party agreement could not have validly conveyed the entire property interest to someone other than plaintiff or Waite, it did not trigger a right of first refusal to purchase the entire property interest.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court